PEOPLE, *ex rel.* ANDERSON, *v.* BYERS.

ELECTIONS—BALLOTS—WRITING IN CANDIDATE'S NAME.

An election ballot with a cross in the circle under the party name, and the name of a candidate thereon erased, and the name of a candidate for the same office on an opposing ticket written in, cannot be counted. Act No. 214, Pub. Acts 1901.

Error to Van Buren; Carr, J. Submitted October 26, 1903. (Docket No. 220.) Decided November 9, 1903.

*Quo warranto* proceedings by the People of the State of Michigan, on the relation of David Anderson, prosecuting attorney, against Charles W. Byers, to try the title to the office of supervisor of Hamilton township. From a judgment for respondent, relator brings error. Affirmed.

*Charles A. Blair*, Attorney General, and *David Anderson*, Prosecuting Attorney (*Lincoln H. Titus*, of counsel), for appellant.

*Thomas J. Cavanaugh* and *L. A. Tabor*, for appellee.

MONTGOMERY, J. This is a proceeding by *quo warranto* to try the title to the office of supervisor of Hamilton township, Van Buren county. The case was presented to the circuit court upon an agreed statement of facts, judgment found for respondent, and the relator brings error.

The sole question presented is whether a ballot with a cross placed under the party emblem or name, and from which the name of respondent was erased and the name of the candidate appearing on the opposing ticket written in, should be counted for such opposing candidate. The circuit court held that it should not be so counted.

The statute of 1891 (Pub. Acts 1891, Act No. 190, § 26) read as follows:

"Any elector may mark or stamp a cross in the space below the party name printed at the head of the ballot. If marked thus, such ballot shall be counted for all the nominees of such party whose names appear on the ballot in that column. If the voter shall have erased some name in the column, or marked a cross before the name of a candidate in some other column for the same office, or written in a name under the name of any candidate, the name of such candidate shall not be counted as voted for by such ballot, but, if the name of the candidate shall have been erased, such vote shall be counted for the candidate whose name in another column shall have been marked, or whose name shall be written under the name erased."

We held that such a ticket should be counted for the person whose name was written in. *Attorney General, ex rel. Scott,* v. *Glaser,* 102 Mich. 411 (61 N. W. 648).

In 1901, however, the statute was amended by Act No. 214. Section 26 of that act contains the following provisions:

"The elector shall then, and without leaving the room, go alone into the booth, which is unoccupied, and indicate the candidate or candidates for whom he desires to vote, as follows: If he desires to vote a straight ticket, he must make a cross in the circle under the name of his party at the head of the ballot. Nothing further need be done. Where only one candidate is to be elected to an office, and

the elector desires to vote for a candidate not on his party ticket, he should make a cross in the circle under the name of his party, and also make a cross in the square before the name of the candidates for whom he desires to vote on the other ticket.  *  *  *  If the elector wishes to vote for a candidate not on any ticket, he must write or place the name of such candidate on his ticket opposite the name of the office, and make a cross in the circle under the party name.   A ticket marked with a cross in a circle under a party name will be deemed a vote for each of the candidates named in such party column whose name is not erased, except those candidates where a cross is placed in the square before the name of some opposing candidate on the opposing ticket, or where a name is written or pasted on the party ticket of some candidate whose name is not printed as a candidate on any party ticket.  *  *  *  If the name of any person who is not a candidate on any ticket is written or placed on the party ticket opposite the name of the office, and there is a cross in the circle under the party name, the name so written or placed shall be counted one vote for the person so mentioned, whether the original name on the party ticket is erased or not, excepting cases where there is a cross in the square before the name of some opposing candidate on some other party ticket."

These provisions seem to be plain, and point out specifically the manner of voting for a candidate not on the voter's party ticket; that is, if the name of such candidate appears on the ticket in another column, he may indicate his desire by placing a cross opposite his name; if the name does not appear on the ticket, it may be written in place of the name.   We cannot assume that the amendment of this act was purposeless, and must infer that the legislative intent was to change the law as it existed before 1901.   A similar statute was construed as contended for by respondent in *Vallier* v. *Brakke*, 7 S. Dak. 354 (64 N. W. 184).

Judgment is affirmed.

The other Justices concurred.