JONKMAN, *ex rel.* SHAW, *v.* STRIPLIN.

1. ELECTIONS—VOTE NOT VOIDED BY TECHNICAL INACCURACY.
    Voter should not be deprived of vote because of technical inaccuracy in manner of expressing it on ballot.

2. SAME—INTENT—SUBSTANTIAL COMPLIANCE WITH STATUTE SUFFICIENT.
    Where intention of voter appears on face of ballot it should not be defeated by too strict construction of statutory requirement, but there must be substantial compliance with law.

3. Same—Honest Attempt to Comply With Law Sufficient.
   If there appears on face of ballot an honest attempt to comply
   with law and intention to vote for particular candidate, ballot
   is legal and should be counted for him.

4. Same—Sticker Ballots—Compliance With Law—"Opposite."
   Where, in using sticker containing full list of names cor-
   responding in position and order with offices designated on
   official ballot, it clearly appears that voter intended to substi-
   tute names on sticker for those on official ballot, sticker ballots
   should be counted, although technically names of candidates
   thereon were not "opposite" names on official ballot for same
   office (1 Comp. Laws 1929, § 3111).

Appeal from Kent; Brown (William B.), J. Sub-
mitted June 5, 1931. (Docket No. 113, Calendar
No. 35,803.) Decided June 25, 1931.

*Quo warranto* proceedings by Bartel J. Jonkman,
prosecuting attorney, on the relation of N. A. Shaw,
against E. E. Striplin, to test defendant's right to
office of village president. Judgment of ouster. De-
fendant appeals. Reversed.

*Cornelius Hoffius,* for plaintiff.

*Travis, Merrick, Johnson & McCobb,* for defend-
ant.

McDonald, J. This is a *quo warranto* proceeding
to test the defendant's right to the office of president
of the village of Sparta, Kent county, Michigan.

At a village election the official ballot contained
but one nominated candidate for each of the seven
offices to be voted for. Mr. N. A. Shaw was the
nominated candidate for president. Mr. E. E. Strip-
lin became a candidate against him on stickers. The
sticker ballot contained a full ticket for all of the
offices. On a tabulation of the votes, the village

board of election inspectors declared Striplin elected by a majority of 33 votes. On petition of Mr. Shaw, a recount was ordered, at which it was determined that Mr. Striplin had received a majority of 2 votes. He was declared elected. He qualified and is now holding the office. Mr. Shaw filed his information for *quo warranto* in the circuit court. On the hearing it was found that Shaw had received a majority of six legal votes and that Striplin was unlawfully holding the office. A judgment of ouster was entered. Defendant has appealed.

The law, 1 Comp. Laws 1929, § 3111, permits one who is not satisfied with candidates on the official ballot to write in those of his own choice. He may print or write in the name of any qualified citizen opposite the office designated on the official ballot. The most convenient way of doing this is by the use of what is commonly known as "stickers." A space is reserved on the right side of the official ballot where stickers may be pasted. The strict language of the statute requires that the name of the sticker candidate be written opposite the name of the office. In the instant case many of the stickers were not so pasted as to bring the defendant's name opposite the office designated as president, and for that reason were rejected by the trial court.

This court has frequently expressed itself as opposed to depriving a citizen of his vote because of technical inaccuracies in the manner of expressing it on the ballot. Where his intention appears on the face of the ballot it will not be defeated by too strict a construction of some statutory requirement; but always there must be a substantial compliance with the law. If there appears on the face of the ballot an honest attempt to comply with the law and

an intention to vote for a particular candidate, the ballot is legal and should be counted for him. The trial judge had these principles clearly in mind when he examined the ballots in the instant case; but we think he erred at times in deciding what constituted a substantial compliance with the law. He correctly interpreted the meaning of the word "opposite" as used in the statute, but in determining whether the sticker candidate's name was substantially opposite the office officially designated he formulated and followed a rule not applicable to these particular ballots. He laid down the rule that if the sticker were pasted on the ballot in such a way that Mr. Striplin's name was more nearly opposite some other designated office than that of president, it could not be counted for him. This would have been the correct rule to follow if Striplin's name had been the only name on the sticker. The sticker used in this election contained the same number of names in the same order and separated by like lines and spaces as on the official ballot. The form of the sticker, the full list of names thereon corresponding in position and order with the offices designated on the official ballot clearly shows that in using it the voter intended to substitute the names on the sticker for those printed on the other ballot. It is impossible to formulate any rule justly applicable to all situations by which inspectors of elections must be guided in determining whether the names of sticker candidates are substantially opposite the offices designated on the official ballot. We have not attempted to do so. We merely hold that in the circumstances of this case the trial judge applied a rule not applicable to these ballots by reason of which he rejected votes cast for defendant, Striplin, which substantially complied with the law as to position on

the ballot. The ballots in question are not in the record, but they have been submitted to the clerk of this court for our inspection. It is not necessary to consider all of the questions raised concerning them. The principal complaint is as to the position of the sticker on the official ballot. Our inspection shows that more than seven votes were rejected that should have been counted for Striplin. As the trial court gave Mr. Shaw a majority of six votes our finding justifies a reversal. It is our conclusion that Mr. Striplin was legally elected president of the village of Sparta, that he is not holding the office unlawfully, and that the judgment of ouster should be reversed. It is reversed.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred with McDONALD, J.

NORTH, J. (*concurring*). As stated by Justice McDONALD, the sticker ballot contained the full ticket for all of the offices. The ballot bore the name of a candidate for each of the seven village offices. Several of the names on the stickers were names of the identical candidates as printed on the official ballot. While the question is not raised in the instant case, it may well be questioned whether a single sticker covering all the offices on the ticket and in part duplicating the candidates' names already printed on the ticket may lawfully be used. The statute (3 Comp. Laws 1929, § 3111) provides only for writing or placing upon the ticket "the name of any person *who is not* a candidate on any ticket." In *People.*v. *Byers,* 135 Mich. 45, it is said: "If the name *does not* appear on the ticket, it may be written in place of the name." The instant decision should not be construed as permitting the sub-

stitution of an entirely new ticket by use of a sticker a part of which already appears on the printed ballot; or as determining whether writing or placing names in duplicate on the ticket in this manner constitutes a distinguishing mark. These questions are not presented in this record. I concur in reversal.

BUTZEL, C. J., and CLARK, POTTER, and FEAD, JJ., concurred with NORTH, J.