In the Matter of the Application of JOHN J. O'CONNOR, Petitioner, against S. HOWARD COHEN and Others, as Commissioners of Elections for the City of New York, Constituting the Board of Elections of the City of New York, Respondents.

In the Matter of the Application of LAMBERT FAIRCHILD, Petitioner, against S. HOWARD COHEN and Others, as Commissioners of Elections for the City of New York, Constituting the Board of Elections of the City of New York, Respondents.

Supreme Court, Special Term, New York County, February 2, 1940.

*J. Daniel Dougherty*, for John J. O'Connor, petitioner.

*Chrichton Clarke*, for Lambert Fairchild, petitioner.

*David M. Freedman*, for the respondents.

BERNSTEIN, J.   These applications have for their purpose the rejection of the independent nominating petition, heretofore filed in the office of the board of elections, purporting to nominate Earl Browder as a candidate for Representative in Congress from the Fourteenth Congressional District of New York, at the special election set for February 6, 1940.   One of these applications is made by Hon. John J. O'Connor, a former Representative in Congress from this State, and the other by Hon. Lambert Fairchild, a former member of the board of aldermen of the city of New York.   While they differ in some details, both applications are directed principally to the contention that the person nominated is ineligible as a candidate for public office by reason of his open espousal of international communism and his avowed standing as a leader of the Communist Party in America.   They argue that the belief in and advocacy of communism is so alien to the belief in and advocacy of the American system of government that the candidacy of a Communist for a seat in the Congress of the United States is incongruous and against public policy.   However sympathetic one may be to the principle contended for by these applicants, one must not allow himself to forget that the American system is itself based on law, and that the best service that can be rendered that system is to live by and observe that law.

Under our fundamental law, the Constitution of the United States, there are but three qualifications for membership in the lower house of Congress: (a) one must be at least twenty-five years of age; (b) he must have been a citizen for at least seven years, and (c) he must be an inhabitant in the State in which he is chosen.   (U. S. Const. art. 1, § 2, subd. 2.)   It has been frequently held by the courts and by the Congress itself, in contested election cases, that the mere possession of these enumerated qualifications entitles one to election to the office of Representative.   As Judge STORY stated it in his " Commentaries on the Constitution "

(§ 625): "It would seem but fair reasoning upon the plainest principles of interpretation, that when the Constitution established certain qualifications as necessary for office, it meant to exclude all others as prerequisites"— and as Cooley stated it in his "General Principles of Constitutional Law" ([3d ed.] pp. 285, 290): "The Constitution and laws of the United States determine what shall be the qualifications for Federal office, and State Constitutions and laws can neither add to nor take away from them."

Browder, it appears, has all the qualifications required by the Constitution. To impose upon him the additional qualification that he alter his philosophy of government or abandon his advocacy of international communism or abdicate his position in the Communist Party of America as a condition of being permitted to run for office would in itself constitute a violation of our own law.

In the Fairchild application an additional ground of ineligibility of Browder has been advanced, to wit, his conviction in the United States District Court of violation of section 220 of title 22 of the United States Code. Under that conviction Browder was sentenced to serve a term of four years in a Federal prison, but is out on bail pending appeal. The conviction and sentence, it is claimed, constitute a bar to his candidacy under section 510 of the Penal Law of the State. The weakness of this contention is manifest. It is apparent from the circumstance that section 510 of the Penal Law expressly relates to a sentence of imprisonment in a *State* prison, and from the fact that if it were attempted to extend its scope to embrace a sentence of imprisonment in a Federal prison it would be in clear contravention of section 1 of the Fourteenth Amendment to the United States Constitution. (*Crandall* v. *State of Nevada*, 6 Wall. [U. S.] 35, 44; *United States* v. *Moore*, 129 Fed. 630.) *Matter of Lindgren* (232 N. Y. 59) is clearly distinguishable on the facts.

The several objections to the Browder petition based on its phraseology and the choice of its emblem are without merit. (Election Law, § 20; Id. § 137, subd. 3.)

For the reasons stated the court is constrained to hold the petition valid and to deny both applications herein.