LAWRENCE MNICH, Appellant, *v.* AMERICAN RADIATOR COMPANY, Respondent.

Fourth Department, March 25, 1942.

*George E. Phillies* [*Emil L. Cohen* of counsel], for the appellant.

*Wilcox & Van Allen* [*Selby G. Smith* of counsel], for the respondent.

PER CURIAM. This is an appeal from a summary judgment dismissing plaintiff's amended complaint in a silicosis action. The complaint alleges a cause of action based upon statutory duty. The allegations of the amended complaint which are pertinent to this appeal are:

" That for several years from approximately 1924 to and including August 31, 1935, plaintiff was employed by the defendant in the factory and workrooms of the defendant in various capacities. * * *

" That plaintiff continued in the employ of the American Radiator Company subsequent to August 31, 1935, until approximately April 23, 1937, and continued to be exposed to the hazards of the disease of silicosis until said last mentioned date, but that no claim for damages is herein made by reason of exposure or injuries suffered subsequent to August 31, 1935. That the last injurious exposure and the last employment of the plaintiff forming the basis of plaintiff's cause of action occurred prior to September 1, 1935."

The defendant filed on the motion an affidavit that at all times it has provided workmen's compensation insurance coverage for its employees including, since September 1, 1935, coverage for silicosis and other dust diseases. Silicosis first became compensable on September 1, 1935, by group 28 of subdivision 2 of section 3 of the Workmen's Compensation Law (added by Laws of 1935, chap. 254). The court below granted the motion for summary judgment on the ground that the plaintiff's remedy is under the Workmen's Compensation Law and such remedy is exclusive.

Plaintiff's complaint alleges a good cause of action as of August 31, 1935. (*Schmidt* v. *Merchants Despatch Transportation Co.*, 270 N. Y. 287; *Barrencotto* v. *Cocker Saw Co.*, 266 id. 139.)

It could not have been the intention of the Legislature that all employees possessing an accrued right of action on August 31, 1935, should be compelled to choose between quitting work on that day and losing such right of action. Plaintiff on that date possessed a vested right of action. A " vested right of action is

property in the same sense in which tangible things are property, and is equally protected against arbitrary interference. Whether it springs from contract or from the principles of the common law, it is not competent for the Legislature to take it away." (*Pritchard v. Norton*, 106 U. S. 124, 132.)

We find nothing in the statute indicating that the Legislature intended to take it away. Nor do we find anything which indicates that the Legislature intended to provide a new form of remedy for a right of action *already vested*.

" A law is never to have retroactive effect unless its express letter or clearly manifested intention requires that it should have such effect." (*Germania Savings Bank* v. *Suspension Bridge*, 159 N. Y. 362, 369; *Matter of Tipton* v. *Lang's Bakery, Inc.*, 250 App. Div. 696, 698; affd., 275 N. Y. 572.)

That the Legislature intended that such right of action should be preserved even if the employee continued to be exposed to the hazards of the disease after September 1, 1935, is indicated by chapter 548 of the Laws of 1940, amending section 66 of the Workmen's Compensation Law. That amendment provided: " Liability in damages for disability or death due to any disease described in article four-a of this chapter, in any case in which there was injurious exposure to the hazards of the disease prior to, and any exposure to such hazards subsequent to, September first, nineteen hundred thirty-five, shall be forever barred unless action therefor be begun within ninety days from the effective date of this act." The present action was commenced prior to the enactment of the above amendment.

We conclude that the motion for summary judgment dismissing the complaint was erroneously granted. The judgment and order should, therefore, be reversed and the motion denied.

The order of June 13, 1939, granting the motion to make the complaint more definite and certain, should be affirmed.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, HARRIS and McCURN, JJ.

Judgment and order reversed on the law, with costs to the appellant to abide the event, and motion to dismiss complaint denied, without costs. Order entered June 13, 1939, affirmed, without costs.