[File No. 6867.]

STATE OF NORTH DAKOTA EX REL. ALFRED SUNDFOR, Petitioner, v. HERMAN THORSON, Secretary of State, and Adolph Schlenker, County Auditor of Burleigh County, North Dakota, Respondents.

(6 NW (2d) 89, 143 ALR 599.)

Opinion filed November 2, 1942.

*Nels G. Johnson* and *Nelson A. Mason,* for petitioner.

*Alvin C. Strulz,* Attorney General, and *George S. Register,* State's Attorney, for respondents.

NUESSLE, J.   The petitioner Sundfor, the attorney general consenting, applied to this court for an original writ to restrain the respondent Herman Thorson, the secretary of state, from certifying the name of Charles R. Robertson as an individual nominee for the office of Representative in Congress to be printed on the ballot to be voted upon at the general election on November 3, 1942; and to restrain the respondent Schlenker, as county auditor of Burleigh county, from having Robertson's name printed on said ballot.

The pertinent facts may be shortly stated as follows:   At the primary election, held June 30, 1942, Charles R. Robertson was a candidate for nomination for the office of Representative in Congress on the Republican Party ballot.   He was defeated at said election and other candidates were nominated.   He now seeks election to the office as an independent candidate.   In that behalf petitions were circulated pursuant to the provisions of § 971a, 1925 Supplement to the 1913 Compiled Laws, providing for the nomination of individual candidates for office by petition.   These petitions were presented to the secretary of state for filing pursuant to the provisions of § 973, 1925 Supplement.   The secretary received and filed the petitions and certified the name of Robertson as a candidate for Representative in Congress to the county auditors as required by § 974 of the 1925 Supplement, to be printed on the general election ballot "under the designation of Individual Nominations."   See § 959, 1925 Supplement.   Thereupon the petitioner instituted the instant proceeding on the theory that Robertson, having been defeated as a party candidate at the primary election, was barred from becoming an individual candidate for the same office pursuant to the provisions of chapter 141, Session Laws 1939, entitled: "An act prohibiting any person who was a candidate for nomination for office at a primary election and who was defeated for said office, from being a candidate for the same office at the ensuing general election," and providing:   "That any person who was a candidate for nomination for office at any primary election in any year and who was

defeated for said office shall not be eligible as a candidate for the same office at the ensuing general election."

The court, after consideration of petitioner's application, issued its order directed to the respondents to show cause why the restraining order should not be granted. In response to this order to show cause the respondents, admitting the allegations of the petition but resisting the application of the petitioner, moved to quash the order to show cause and have the proceeding dismissed. They urged in support of their motion that the statute above quoted and relied upon by the petitioner can have no application to candidates for Federal office whose qualifications to hold the same are fixed by the Constitution of the United States.

The contentions of the several parties with respect to this statute are, by the petitioner: that it is merely a regulatory provision; that it does not purport to fix the qualifications of candidates for office but only provides that where a candidate for nomination for an office at the primary election has been defeated, he cannot have his name placed on the general election ballot as a candidate at the ensuing general election. On the other hand, respondents contend that the statute not only bars the placing of the name of the candidate on the general election ballot, but makes him ineligible as a candidate for said office. Thus, in effect, imposing a qualification for eligibility, something that the state has no power to do with respect to officers whose qualifications are fixed by the Constitution of the United States.

The Constitution of the United States provides that "no person shall be a representative who shall not have attained to the age of twenty-five years, and been seven years a citizen of the United States, and who shall not, when elected, be an inhabitant of that state in which he shall be chosen." (Art. 1, § 2.) Thus the qualifications of Representatives in Congress are fixed by the Constitution. It likewise provides that the times, places and manner of holding elections for Representatives shall be prescribed in each state by the legislature thereof; but the Congress may at any time by law make or alter such regulations. (Art. 1, § 4.) These provisions are, of course, controlling. They are paramount and, in so far as the statutes of any state conflict with them or with laws enacted pursuant to their provisions by the

Congress, such statutes must fall. Ex parte Siebold, 100 US 371, 25 L ed 717. Thus the instant case is narrowed down to the question as to the effect of chapter 141. If this statute is merely regulatory and is concerned only with the manner of holding elections, it is not subject to the respondents' challenge. But, if it in effect imposes a qualification for the holding of the office of Representative in addition to those fixed by the Constitution of the United States, it cannot stand.

Petitioner contends that chapter 141 is a valid and effective enactment, applicable to candidates for Representative in Congress, and that statutes identical with or similar to it have been sustained in numerous other jurisdictions. In support of this contention he cites, among others, the cases of Heney v. Jordan, 179 Cal 24, 175 P 402; Gardner v. Ray, 154 Ky 509, 157 SW 1147; State ex rel. McCarthy v. Moore, 87 Minn 308, 92 NW 4, 59 LRA 447, 94 Am St Rep 702; and State ex rel. Driscoll v. Swanson, 127 Neb 715, 256 NW 872. An examination of these cases, however, discloses that the questions there raised and determined were quite different from that here involved. Heney v. Jordan holds that under the Constitution of the state of California a statute making an unsuccessful candidate for nomination at a party primary ineligible for nomination for the same office (in this case the office of Governor) by any other political party, is not so unreasonable as to be beyond the legislative power to enact. Gardner v. Ray is wholly concerned with the constitutionality of a statute governing primary elections and prescribing the qualifications for party nomination at party primaries. State ex rel. McCarthy v. Moore holds that a statute prohibiting an unsuccessful candidate for nomination at a primary election from having his name printed on the official ballot as an independent candidate for the same office is a reasonable and valid regulation since the official ballot providing a blank space where the voters might write the name of any qualified citizen if they wish to vote for him, protects his eligibility and enables him to be elected should he receive the requisite number of votes. In other words, this case merely holds that a statute which denies the privilege of having his name placed upon the official ballot at a regular election as a candidate for office to one who was defeated at the primary election for nomination for that particular office, is not subject to challenge as

denying him the right to be a candidate for such office since he may be a candidate though his name may not be printed upon the ballot.

Petitioner particularly relies upon the case of State ex rel. Driscoll v. Swanson, supra. In that case the holding was that a statute providing that "no candidate defeated at the primary election shall be permitted to file by petition in the general election next following" was not subject to challenge by one who was a candidate for a state office as amounting to a hindrance or impediment to a free election guaranteed by the Constitution of the state. There the relator had been a candidate at the primary for nomination by the Democratic party for the office of secretary of state. He was defeated. Thereafter he presented nominating petitions, in due form, to the proper officer, the secretary of state, praying that his name be placed on the official ballot for the general election as a candidate for the office of auditor of public accounts. The secretary refused to accept the petitions on the ground that he could not pursuant to the provisions of the foregoing statute. Whereupon the relator sought by mandamus to compel their acceptance. The court held that the secretary had rightfully refused to accept the petitions. It is to be noted that the question there arose with respect to a state office. Subsequently, in the case of State ex rel. O'Sullivan v. Swanson, 127 Neb 806, 257 NW 255, the question was as to whether this statute was applicable to candidates for Federal office. In the O'Sullivan Case the relator had been a candidate at the primary election for nomination for the office of governor and was defeated. At that same election candidates for United States Senator were nominated. Thereafter the relator presented nominating petitions in due form to the secretary of state praying that his name be placed on the official ballot for the general election as a candidate for United States Senator. On the authority of the Driscoll Case the petitions were refused and the relator brought a proceeding in mandamus to compel their acceptance and the printing of his name on the official ballot. The court held that the petitions were properly refused, saying, "The issue here is whether the relator is entitled to have his name printed on the ballot as a candidate nominated by petition regardless of the Driscoll decision, because the office relator seeks is a Federal office rather than a state office. The question is not whether he may

be a candidate, but whether he may be nominated by petition and have his name printed on the ballot at the state's expense. He may be a candidate and if electors write his name on the ballot in sufficient numbers he will be elected." Thus it appears that the holdings in Nebraska support not the position taken by the petitioner in the instant case but, on the contrary, are authorities sustaining the respondents' contention. For the court further said: "Relator has all the qualifications for the office of Senator. The state statute in no manner seeks to add other qualifications. It does not prevent him from being a candidate."

Chapter 141, supra, the statute in question in the instant case is quite different from the Nebraska statute. It goes much farther. It does add another qualification. There can be no misunderstanding of its words. They speak for themselves and require no interpretation. There is no room for ambiguity or uncertainty. The statute prohibits any person who was a candidate at the primary for nomination for any office and who was defeated, from being a candidate for the same office at the ensuing general election. This is the clear purport of its title. And the body of the act itself emphasizes this legislative intent, because it says such an one shall not be eligible as a candidate. Words could not be made plainer. Eligible means "fitted or qualified to be chosen or elected; legally or morally suitable; as, an eligible candidate." Webster's New International Dictionary. See also 29 CJS 663, and cases cited. So considering the statute, we hold that petitioner's application must be denied and the proceeding dismissed. As supporting this holding, see Stockton v. McFarland, 56 Ariz 138, 106 P (2d) 328; Broughton v. Pursifull, 245 Ky 137, 53 SW (2d) 200; State ex rel. Eaton v. Schmahl, 140 Minn 219, 167 NW 481; Ekwall v. Stadelman, 146 Or 439, 30 P (2d) 1037; State ex rel. Chandler v. Howell, 104 Wash 99, 175 P 569.

Application denied and proceeding dismissed.

BURR, Ch. J., and BURKE, MORRIS, and CHRISTIANSON, JJ., concur.