JOSEPH NASTASI, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27825.)

Court of Claims, April 11, 1946.

*Nathaniel L. Goldstein, Attorney-General (Edward R. Murphy* of counsel), for defendant.

*Albert Jakobson* for claimant.

LAMBIASE, J. The defendant, State of New York, has moved for an order herein (a) directing that the claim herein be stricken from the calendar of the court and (b) directing that the claim herein be dismissed (1) pursuant to the provisions of rule 7 of the Rules of the Court of Claims, (2) upon the further grounds that the claimant, Joseph Nastasi, is presently incarcerated and will continue to be incarcerated and held in a State penitentiary in the State of Georgia " for an indeterminate future term " and is, consequently, under a legal disability in the State of New York and (3) upon the further ground that the Presiding Judge of this court did, at the calendar call of this court held at Albany, New York, on September 17, 1945, set this claim down " for trial or dismissal on October 1, 1945 ", and that on October 1, 1945, the within claim was neither tried nor dismissed and has not been tried or dismissed to date and (c) for such other and further relief as to the court may seem just and proper.

It appears from the papers submitted on this application that claimant filed his claim herein against the State on August 22, 1944. At that time, the claimant concededly was free and unencumbered as to any legal disability.

On March 20, 1945, and subsequent to the filing of his claim herein, claimant pleaded guilty in the State of Georgia to a felony charge (passing counterfeit United States money), and was sentenced to the Georgia Penitentiary, a State prison, '' for the full term of not less than four years and not more than four years.''

The terms of claimant's sentence provide that claimant is to serve two years of said sentence if he maintains good behaviour, the balance of the sentence being suspended on good behaviour. In this connection, claimant's Exhibit '' C '', being a copy of a letter received by claimant's attorney from the Director of the Department of Corrections, State of Georgia, sets forth that claimant's maximum sentence will expire on January 19, 1947, with all statutory good time off, and assuming that the claimant has to serve only two years because of good conduct. The letter states further that '' this release date can be made approximately three and one-half months earlier through the consistent earning of extra good time which is awarded those prisoners who have a perfect work and conduct record ''.

It is conceded that since on or about March 20, 1945, claimant has been an inmate of the Georgia Penitentiary, a State prison, and on the return date of this motion was, and presumably still is, an inmate thereof. Claimant contends that his claim should not be taken from the calendar or dismissed, and urges that his incarceration does not affect the instant claim in any way, except that it is to be held in abeyance until his disability is removed, at which time he contends the law provides that he may prosecute it.

We shall first consider the ground urged by the State which we have designated number '' 2 '' herein for the purposes of convenience. Section 510 of the Penal Law of the State of New York on the return date of this motion, November 14, 1945, provided: '' A sentence of imprisonment in a state prison for any term less than for life, forfeits all the public offices, and suspends, during the term of the sentence, all the civil rights, and all private trusts, authority, or powers of, or held by, the person sentenced.''

The above section was amended by amendment approved by the Governor March 30, 1946, taking effect immediately (L. 1946,

ch. 260), and now reads as follows: " § 510. *Forfeiture of office and suspension of civil rights.* A sentence of imprisonment in a state prison for any term less than for life, forfeits all the public offices, and suspends, during the term of the sentence, all the civil rights, and all private trusts, authority, or powers of, or held by, the person sentenced; but nothing herein contained shall be deemed to suspend the right or capacity of any of the following persons to institute an action or proceeding in a court or before a body or officer exercising judicial, quasi-judicial or administrative functions, with respect to matters other than those arising out of his arrest or detention:

" a. A person sentenced to state prison for any term less than for life, on whom sentence was imposed and the execution of the judgment suspended, while the execution of the judgment remains suspended;

" b. A person sentenced to state prison for any term less than for life, while he is released on parole."

However, the amendment consisting of all that part of the section following the word " sentenced " (the last word of section 510 first above quoted) is immaterial to and does not affect the instant case since claimant does not come within its provisions.

The fact that claimant is incarcerated in a State prison in another State does not prevent the application of our statute to any question involving the rights of such a convict arising under the laws of this State by virtue of his former residence herein. (*Matter of Pallas* v. *Misericordia Hospital,* 264 App. Div. 1, affd. 291 N. Y. 692.)

There is no doubt that the use of court process is a civil right. (Civil Rights Law, § 10.) It has been held that the right to sue is one of the rights thus suspended. (*Green* v. *State of New York,* 278 N. Y. 15.) In the *Green* case (*supra*) the claimant filed a claim against the State for personal injuries sustained by him while an inmate of a State prison, which injuries were claimed to have been received by him through the negligence of the State. Claimant filed his claim while he was still such an inmate, and the court held that his right to sue was merely suspended during the term of his sentence.

The disability to sue imposed by section 510 of the Penal Law is personal to the prisoner. (*Kugel* v. *Kalik,* 176 Misc. 49; *Rowland* v. *Smith,* 52 N. Y. S. 2d 362; *Bamman* v. *Erickson,* 259 App. Div. 1040.) Thus in *Bamman* v. *Erickson* (*supra*), the assignee of a convict serving time on a felony charge was allowed to sue, the court holding that section 510 of the Penal

Law did not disable plaintiff's assignor from. making the assignment of the cause of action.

In *Kugel* v. *Kalik* (*supra*) it is held that the receiver of a debtor's property, appointed on application of a judgment creditor subsequent to the sentencing of debtor to imprisonment in State prison for a term less than for life, has legal capacity to sue, since the debtor's disability to sue, under the statute suspending civil rights of a person thus sentenced, does not attach to the receiver. And in *Rowland* v. *Smith* (*supra*) it is held that the fact that the assignor in a purported assignment of certain causes of action was in a State prison would not preclude the trustee named in the assignment from maintaining or defending actions, particularly where assignments were executed prior to assignor's conviction and incarceration, and consequently at a time when there existed no incumbrance or suspension of his exercise of full civil rights.

After the disability caused by imprisonment has ceased, the right may be exercised by the convict himself. (*Green* v. *State of New York,* 278 N. Y. 15, *supra.*)

An imprisoned felon, though not entitled to institute or prosecute a suit or special proceeding, may defend himself against suit. (*Matter of Weber,* 165 Misc. 815; *Avery* v. *Everett,* 110 N. Y. 317; *Bowles* v. *Habermann,* 95 N. Y. 246.) Therefore, claimant, though now imprisoned, has notwithstanding, the legal right of appearing through counsel in this court in opposition to the instant motion.

Section 512 of the Penal Law of the State of New York provides: " A conviction of a person for any crime does not work a forfeiture of any property, real or personal, or of any right or interest therein. All forfeitures to the people of the state, in the nature of deodands, or in case of suicide, or where a person flees from justice, are abolished." (*Avery* v. *Everett,* 110 N. Y. 317, *supra; Shapiro* v. *Equitable Life Assurance Society,* 182 Misc. 678, affd. 268 App. Div. 854, affd. 294 N. Y. 743.)

In *Shapiro* v. *Equitable Life Assurance Society* (*supra*), an action was brought upon certain policies of insurance issued by the defendant to the plaintiff assured named therein to recover disability benefits claimed to be due by reason of a total and permanent disability alleged to have occurred on January 15, 1935. After that date, but before action was commenced, plaintiff was sentenced to a State prison under an indeterminate sentence of a minimum of twenty years and a maximum of life. The defendant moved to dismiss the complaint solely because

of such sentence. The motion was denied and the ruling of the lower court was sustained by the Court of Appeals.

When claimant filed his claim herein on August 22, 1944, he was not under any disability. (*Nastasi* v. *State of New York,* 185 Misc. 91.) Therefore, claimant's claim, as filed herein, represents a vested right of action. (*Shapiro* v. *Equitable Life Assurance Society, supra; Mnich* v. *American Radiator Co.,* 263 App. Div. 573, affd. 289 N. Y. 681; *Citron* v. *Mangel Stores Corporation,* 50 N. Y. S. 2d 416, 419, affd. 268 App. Div. 905.)

In *Mnich* v. *American Radiator Co.* (*supra*) plaintiff brought action based upon a statutory duty alleging that he had contracted silicosis while in the employ of the defendant; and alleging that he made no claim for damages suffered subsequent to August 31, 1935. Defendant moved to dismiss plaintiff's complaint upon the ground that at all times it had provided workmen's compensation insurance coverage for its employees including, since September 1, 1935, coverage for silicosis and other dust diseases. Silicosis first became compensable on September 1, 1935, by group 28 of subdivision 2 of section 3 of the Workmen's Compensation Law (added by L. 1935, ch. 254). The trial court granted the motion for summary judgment on the ground that the plaintiff's remedy was under the Workmen's Compensation Law, and that such remedy was exclusive. The Appellate Division, Fourth Department, reversed the trial court on this point and held (263 App. Div. 573, 574–575) that: " It could not have been the intention of the Legislature that all employees possessing an accrued right of action on August 31, 1935, should be compelled to choose between quitting work on that day and losing such right of action. Plaintiff on that date possessed a vested right of action. A ' vested right of action is property in the same sense in which tangible things are property, and is equally protected against arbitrary interference. Whether it springs from contract or from the principles of the common law, it is not competent for the Legislature to take it away.' (*Pritchard* v, *Norton,* 106 U. S. 124, 132.) "

The trial court in *Shapiro* v. *Equitable Life Assurance Society* (182 Misc. 678, 684) said: " The cause of action here asserted being one vested in plaintiff and not forfeited by his sentence of imprisonment, the commencement of the action in his name was not a jurisdictional defect but a mere irregularity, like the failure to appoint a guardian for an infant plaintiff, and such irregularity may be cured by the appointment of a committee as provided in article 13 of the Correction Law and the sub-

stitution of such committee as plaintiff. (*Rima* v. *R. I. Works.* 120 N. Y. 433.) "

To grant this motion to dismiss the claim at bar, solely because of claimant's sentence, would cause that sentence, in our opinion, to operate as a forfeiture of such sum, if any, as claimant otherwise may be entitled to receive under the cause of action (*Shapiro* v. *Equitable Life Assurance Society, supra*). We find no merit, therefore, in the ground urged by the State which we have designated as number " 2 " herein for the purposes of convenience.

As to the ground urged in what we have designated as number " 1 " herein for the purposes of convenience, we are of the opinion that rule 7 of the Rules of the Court of Claims is permissive. This rule in pertinent part provides: " Whenever any claim shall have regularly appeared on any calendar of this Court three times and shall not be moved for trial by the claimant and the state shall be ready to proceed with the trial thereof, the judge presiding, upon motion of the state or upon his own motion may dismiss the claim unless sufficient reason is shown by the claimant why such claim cannot be tried."

Since the State is urging herein that the claimant, by reason of his incarceration, is under a disability and cannot, therefore, prosecute his claim in this court, and in view of said section 510 of the Penal Law aforesaid, we feel that sufficient reason has been shown herein why this claim could not be tried on October 1, 1945, and cannot in its present status now be tried. We do not, in view of this conclusion, deem it necessary to discuss the question as to the number of terms that this claim has been on the calendar of this court. We find no merit, therefore, in this point urged by the State.

As to the ground urged in what we have designated, for the purposes of convenience, as number " 3 " herein, the papers before us, and the stenographer's minutes of the argument on this application and of the proceedings upon the occasion of the calendar call of October 1, 1945, indicate that Presiding Judge BARRETT did not have before him on September 17, 1945, the facts as to the incarceration of the claimant when, on the call of the calendar on that day, he ordered that the claim herein be tried or dismissed on October 1, 1945. Judge BARRETT had before him on that occasion only the fact that the State was ready to proceed with the trial of this claim, and that the claimant was not ready to proceed at that time. The information as to the incarceration of the claimant was not disclosed to the court until after October 1, 1945. Therefore, we feel that Judge

BARRETT's direction with reference to the trial of this claim, given a reasonable interpretation, must be considered in the light of the situation as it existed on October 1, 1945. We find no merit, therefore, in what we have designated for the purposes of convenience as ground number " 3 ".

In *Shapiro* v. *Equitable Life Assurance Society* (182 Misc. 678, 684, *supra*) the trial court in its decision denied a motion of the defendant to dismiss the complaint solely because the claimant was serving a life sentence in State prison, and instead ordered the appointment of a committee for the plaintiff and a substitution of such committee as plaintiff in the action. *Quaere* as to the applicability to the instant case of that part of the decision in the *Shapiro* case (*supra*) ordering such appointment and substitution. (Correction Law, art. 14, §§ 350–361. 1 Wait on New York Practice [4th ed.], p. 462.)

Paragraph 3 of subdivision A of section 1522 of the Civil Practice Act provides that the defendant in an action may, except where permission is given to sue as a poor person, require security for costs to be given where the plaintiff, when the action was commenced, was " A person imprisoned under execution for a crime; " and paragraph 7 of subdivision B of said section provides that such security is to be given where after the commencement of the action the plaintiff " Is sentenced to a state prison for a term less than for life." While there are no costs taxable under the Court of Claims Act (L. 1939, ch. 860), this provision as to security for costs is noted to call attention to the fact that provision is made under the Civil Practice Act for such a contingency.

Defendant's motion accordingly is in all respects denied. The claim, however, will necessarily remain in abeyance until claimant's legal disability has ceased to exist or the legal objection to the prosecution of his claim is otherwise obviated. Trial of the claim is to be had immediately upon the happening of the foregoing contingencies. If claimant's legal disability has not ceased to exist or the legal objection to the prosecution of his claim has not otherwise been obviated on or before January 22, 1947, defendant, of course, will be at liberty to make such further motion as it may be advised in order to secure final disposition if it deem the pendency of the action prejudicial to its interests.

A previous motion made orally by the State upon the calendar call on October 1, 1945, in the city of Albany, New York, for an immediate trial or dismissal of this claim accordingly is also in all respects denied.

An order may be submitted accordingly.