PEOPLE, *ex rel.* ANGEL, *v.* SMITH.

1. ELECTIONS—VOTING FOR CANDIDATE WHOSE NAME IS NOT ON BALLOT.

The right of an elector to vote for a candidate whose name does not appear on any ticket on the ballot is expressly recognized by statute (CL 1948, § 178.19).

2. SAME—STICKER CANDIDATES—DIFFERENT TICKETS—STATUTES.

The statute permitting an elector to vote for a candidate not on any ticket by writing or placing the name of such candidate on his ticket opposite the name of the office and make a cross in the circle under the party name does not preclude another elector, voting a different ticket, from likewise placing the name of the same candidate thereon (CL 1948, § 178.19).

3. SAME—STATUTES—NAME OF CANDIDATE IN MORE THAN ONE COLUMN ON BALLOT.

Statute requiring that a person nominated for same office by more than 1 party shall give notice as to the party column in which he wishes his name to be printed on the election ballot and barring the name of a candidate in more than 1 column on the ballot for the same office does not bar a placement by voters of the name of an unsuccessful candidate at the primary in different columns on different ballots (CL 1948, §§ 177.9, 177.10).

4. SAME—PLACING OF NAMES OF STICKER CANDIDATE ON EITHER TICKET.

An elector voting the ticket of either party on the ballot has the right to place the name of any person on the ticket in the prescribed manner should the elector wish to do so (CL 1948, §§ 177.9, 177.10, 178.19).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–7] 18 Am Jur, Elections, § 191.
[8] 14 Am Jur, Costs, §§ 23, 91.

5. SAME—PRIMARIES—UNSUCCESSFUL CANDIDATE'S ELIGIBILITY TO OFFICE—STICKER VOTE.

The fact that a person has been an unsuccessful candidate at the primary for nomination to office of township treasurer on one political ticket does not render such person ineligible to fill the office if he receives the greatest number of votes cast therefor at the election, since the statute barring a person whose name was on the primary ballots or voting machines as a candidate for nomination on the primary ballots of 1 political party from being eligible as a candidate of any other party at the next ensuing election does not preclude a voter from the right to place the name of such person on his ticket as his choice for election to office involved (CL 1948, §§ 177.11, 178.19).

6. STATUTES—CONSTRUCTION—INTENT.

Pertinent provisions of the same law must be construed together and the legislative intent determined accordingly.

7. ELECTIONS—NAMES WRITTEN ON BALLOT.

Voters who cast ballots upon which were written in the name of an unsuccessful candidate for the office at the primary, are entitled to have their intent carried into effect in the absence of statutory provisions preventing them from doing so (CL 1948, § 178.19).

8. COSTS—PUBLIC QUESTION—QUO WARRANTO—VALIDITY OF VOTES.

No costs are allowed in quo warranto proceedings to determine validity of votes cast by writing in defendant's name on more than one ticket at an election following his defeat at a primary election by plaintiff for nomination by one party, a public question being involved (CL 1948, §§ 177.9–177.11, 178.19).

Appeal from Wayne; Brennan (John V.), J. Submitted June 8, 1950. (Docket No. 50, Calendar No. 44,808.) Decided September 11, 1950.

Information in nature of quo warranto by George Angel to test right of William J. Smith to office of Huron Township Treasurer. Judgment for defendant. Plaintiff appeals. Affirmed.

*Crandell & Crandell,* for plaintiff.

*Berry, Stevens, Barbier & Evely (Donald D. Mac-Farlane,* of counsel), for defendant.

CARR, J.  This is a quo warranto proceeding involving the right to hold the office of treasurer of Huron township, Wayne county.  On the hearing in the circuit court the facts and the issue involved were stipulated by the parties.  At a primary election held in said township on February 21, 1949, the relator, herein referred to as the plaintiff, and the defendant each sought the nomination as the candidate for said office on the Republican ticket.  Plaintiff was successful and his name was printed accordingly on the election ballot.  Ervin Maveal, Sr., was the candidate on the Democratic ticket.

At the spring election held on April 4, 1949, stickers or pasters bearing the name of defendant were placed by voters on the official ballots, over the name of the plaintiff on the Republican ticket and of Mr. Maveal on the Democratic ticket.  Following the election and the counting of the ballots a recount was demanded and duly held.  As a result it was found that plaintiff had received 416 votes, Mr. Maveal 288 votes, and defendant a total of 502 votes, of which 263 votes were under the caption of the Republican ticket and 239 correspondingly under the caption of the Democratic ticket.  In consequence defendant was declared legally elected to the office, and plaintiff instituted the present proceeding.

The question at issue is whether the defendant is entitled to have counted for him the votes cast under the captions of both tickets.  The trial judge determined the matter in defendant's favor.  In the opinion filed by him in the cause it was said:

"I find nothing in the statute prohibitive of the manner of voting in the instant case. Nor is there any directive that a sticker candidate must be voted for under the label of one political party only. The blank spaces below the names of the candidates on the printed ballot invite and authorize the voter, if he so desires, to write in the name of the candidate he wishes to vote for, not appearing on the ballot, or to place a sticker containing the printed name of the candidate thereon. Nowhere in the statute itself or by any fair inference therefrom is there a qualification requirement that the township treasurer shall be a Republican or Democrat or any other party affiliate. The party designation at the head of the ticket is but incidental to the mechanics of the elective process. The person elected township treasurer is elected treasurer and not a party affiliate treasurer. Under our statutes governing elections it is legitimate for a person otherwise qualified to run as a sticker candidate; nor is there any requirement in the statute that he designate himself as any particular party affiliate.    *    *    *

"The intent of the voter in the instant case is plain and unmistakable. There can, in reason and in fact, be little question but what each voter who cast his ballot for the sticker candidate intended to vote for and did vote for William J. Smith for the office of township treasurer."

The right of an elector to vote for a candidate whose name does not appear on any ticket on the ballot is expressly recognized by statute. CL 1948, § 178.19 (Stat Ann 1949 Cum Supp § 6.400) provides in subdivision (4):

• "If the elector wishes to vote for a candidate not on any ticket, he may write or place the name of such candidate on his ticket, opposite the name of the office, and make a cross in the circle under the party name."

It will be noted that the above provision of the statute contemplates that the elector desiring to vote for a candidate whose name is not on the ballot shall place the name thereon "on his ticket," completing the act in the manner set forth. The statute may not be construed as precluding another elector, voting a different ticket, from likewise placing the name of the same candidate thereon.

Plaintiff argues that when defendant Smith sought the nomination for the office on the Republican ticket he thereby established a definite and fixed party affiliation, and that in consequence votes cast for him by placing the sticker bearing his name over the name of the regularly nominated candidate on the Democratic ticket could not be counted in his favor at the election. Attention is directed to CL 1948, § 177.10 (Stat Ann 1949 Cum Supp § 6.354) requiring that any person nominated for the same office by more than 1 party shall give notice in the manner prescribed as to the party column in which he wishes his name to be printed on the election ballot, and to CL 1948, § 177.9 (Stat Ann 1949 Cum Supp § 6.353) which requires that "the name of no candidate shall be placed or printed in more than 1 column on the ballot for the same office." We do not think that the sections cited are of controlling significance in the instant controversy. Defendant was not the candidate of either the Republican or Democratic party at the election on April 4, 1949. An elector voting the ticket of either party on the ballot had the right to place defendant's name thereon in the prescribed manner if he wished to do so. Obviously voters in each of the 2 parties mentioned availed themselves of that privilege.

The fact that the defendant was a candidate at the primary for the nomination to said office on the Republican ticket did not render him ineligible to fill the office if he received the greatest number of votes

cast therefor at the election. The provision of CL 1948, § 177.11 (Stat Ann 1949 Cum Supp § 6.355) that "No person whose name was printed or placed on the primary ballots or voting machines as a candidate for nomination on the primary ballots of 1 political party shall be eligible as a candidate of any other political party at the next ensuing election" does not preclude a voter from exercising the right to place the name of such person on his ticket as his choice for election to the office involved.

An analogous question was before the supreme court of Florida in *State, ex rel. Landis, Attorney General,* v. *Carson,* 114 Fla 451 (154 So 150). A provision of the election law of the State required all candidates for nomination in primary elections to file expense statements, as prescribed by the statute, and any candidate who failed to comply was not entitled "to have his name placed upon the ballot to be used in the primary election," nor printed on the official ballot used in the general election. The defendant, who was a candidate for the nomination for the office of clerk of the circuit court, did not file the required statement, and in consequence his name could not have been legally printed on the official ballot. However, his name was written in by a sufficient number of voters to entitle him to the election to the office if such votes were valid. In determining the matter in his favor, it was said:

"The respondent's name was not printed on the primary ballot and he was not nominated as a party candidate and his name was not printed on the ballots used in the general election; but his name was written on the ballots by the voters and he thereby received a majority of the votes cast at the election for the office of clerk of the circuit court.

"Under the statute the respondent's name could not legally be 'allowed or printed' on the official ballots given to the electors as they appeared to cast

their votes at the general election, but the electors
could legally vote for any person qualified to fill the
office by writing the name in the space provided for
that purpose on the ballots, and by making the proper
X marks opposite the names.

"In this case the statute did not make the respond-
ent ineligible to fill the office because of his failure to
file the expense statements under the primary elec-
tion law, but forbade his name to be printed on the
primary ballot, and also forbade his name to be 'al-
lowed or printed' on the general election ballots.

"Respondent's name was not printed on the gen-
eral election ballots. That was the penalty imposed
by the statute for failure to file the expense state-
ments. Nor was the respondent's name 'allowed' to
be put on the ballots in violation of the prohibition
of the statute, when his name was written by the
voters in the space required by the statute to be left
blank on the ballots so that electors could vote for
any eligible person they desired to."

In support of his position plaintiff cites *Cook v.
Board of Election Commissioners of Cheboygan
County,* 172 Mich 437. The question there at issue
was whether plaintiff Cook had been nominated by
the National Progressive party as its candidate for
the office of probate judge. At the primary election
his name was written in on 8 ballots as such can-
didate, which was the highest number of votes cast
for any person for such nomination on that ticket.
Plaintiff was enrolled as a Republican, and under
a statutory provision in effect at that time (PA 1911,
No 279, § 41) votes cast for him upon the primary
ballots of any other political party could not be
counted. It was held in consequence that he had not
been nominated as the candidate of the National
Progressive party because he was a Republican and
the votes cast for him could not be considered. Being
controlled by an express provision of the statute
(which, it may be noted, was eliminated at the legis-

lative session of 1913 by Act No 118), the decision may not be regarded as in point on the issue in the present controversy.

As pointed out above, there is no provision of the Michigan statutes pertaining to the subject matter of this case that prevented any voter from voting for defendant for the office of township treasurer by writing in his name or using a paster or sticker with the name thereon. Neither is there any provision rendering defendant ineligible to that office. Cases in other States involving statutory provisions declaring ineligibility under such circumstances are in consequence not in point. *Broughton* v. *Pursifull*, 245 Ky 137 (53 SW2d 200), and *State, ex rel. Sundfor,* v. *Thorson*, 72 ND 246 (6 NW2d 89, 143 ALR 599), which plaintiff has cited in support of his argument, involved statutory provisions of that character.

There is no claim of fraud in the case, nor is there any question as to defendant's qualifications to hold the office in question. In the final analysis the determination of the controversy depends on the interpretation of the statutory provisions on which plaintiff relies. Such provisions may not be given the effect of nullifying the action of the electors. Each voter who placed defendant's name on his ballot in the manner prescribed by statute was exercising the privilege expressly granted to him by the law. Pertinent provisions of the statute must be construed together and the legislative intent determined accordingly. We think that the trial judge correctly determined the matter, and we are in accord with his conclusion as indicated by the excerpt from his opinion above quoted. The voters casting the ballots in question are entitled to have their intent carried into effect. *Jonkman, ex rel. Shaw*, v. *Striplin*, 255 Mich 215; *Cory* v. *MacKenzie*, 297 Mich 523.

The order of the trial court is affirmed. In view of the nature of the question involved, no costs are allowed.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.