John D. Bennett, S.
The question before this court is
whether or not a person convicted of a Federal offense loses his civil rights under section 111 of the Domestic Relations Law. A preliminary decision dated June 27, 1958 was handed down in this matter (Matter of Anonymous, 12 Misc 2d 1073), in which this court pointed out the conflict between Matter of O’Connor v. Cohen (173 Misc. 419) and Nastasi v. State of New York (186 Misc. 1051) and indicated a favoring of the O’Connor (supra) doctrine, largely on the basis of the Report of the Law Revision Commission therein quoted.*
Further research has required a modification of this previous opinion. The recent decisions in other phases of civil rights follow the Nastasi (supra) doctrine. (Matter of Johnson, 202 Misc. 751 [Surrogate’s Ct., Kings County, 1952].)
It is obvious that the theory expounded by the court in Matter of O’Connor v. Cohen (supra) is utterly irreconcilable with the Nastasi case (supra). However, if we eliminate what the court said and consider only what it did, we find that the O’Connor decision {supra) might have been justified even if the conviction had been in this State of a felony under State laws. Section 510 *692 of the Penal Law does not suspend civil rights where execution of the sentence is suspended or the person is released on parol. The candidate was not in jail. He was walking the streets, a free man, on bail pending an appeal. This is similar in nature to a suspension of sentence and is, in fact, a suspension of the sentence until the determination of the appeal.
Turning to the Report of the Law Revision Commission, we find the statement “ a sentence to a federal prison does not suspend rights ” later followed by the explanation that “ [A] crime punishable in a federal prison is not necessarily a felony” (1946 Report of N. Y. Law Rev. Comm., p. 184). The prior statement should read, “ sentence to a federal prison, alone, does not suspend rights ”. In that sense, the statement is wholly in accord with the Nastasi (supra) doctrine as the Federal offense of which a person is convicted must be a felony under the laws of this State.
As so modified, the principle which must be applied by this court in this proceeding is that if the father is now serving a sentence in a Federal penitentiary for a crime which under New York law would be a felony, he has lost his civil rights.
No order need be submitted hereon.
A violation of section 2312 of title 18 of the United States Code is a felony under New York law (People v. Morgan, 270 App. Div. 859 [2d Dept., 1946]). The defendant was sentenced February, 1958 to imprisonment for three years. At the commencement of this adoption proceeding he was in prison. He had lost his civil rights. His consent to the adoption was not necessary and he is entitled to no notice of this proceeding.

 1946 Report of N. Y. Law Rev. Comm., p. 184.— [Rep.