See also 349 S.W.2d 263.

**Walter P. PURCELL et al., Appellants,**

v.

**O. P. CARRILLO et al., Appellees.**

**No. 13845.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 20, 1961.

Sam H. Burris, Alice, Walter P. Purcell, San Diego, for appellants.

Lloyd, Lloyd & Dean, Alice, for appellees.

PER CURIAM.

This is an election contest involving the November 8, 1960, General Election held in Duval County, Texas, wherein Walter P. Purcell is contesting with O. P. Carrillo for the office of County Attorney, and Dr. A. N. Saenz is contesting with Emede S. Garcia for the office of County Superintendent of Schools.

Contestants sought to have themselves declared elected because contestees were allegedly ineligible to have their names printed on the ballot as independent candidates, having run as candidates for the same respective offices in the Democratic Primary,

and, secondly, asked that the election be declared void insofar as the Benavides and San Diego boxes were concerned, because of alleged conspiracy and fraud practiced in these two boxes, and that contestants be declared the winners, and, thirdly, in the alternative, sought to have the election as to these two offices declared void and a new election ordered.

After hearing the evidence, and after both sides had closed, the trial court rendered judgment in favor of contestees and denied all relief prayed for by the contestants, from which judgment contestants have prosecuted this appeal.

According to the election returns, each of the contestees was elected by a majority of about 500 votes. Immediately after the close of the election, the ballot boxes were impounded by an order of the District Court, and a recount of the ballots in the Benavides, Freer and San Diego Boxes produced the following results:

| Benavides Box | Official | DA Recount | Difference |
|---|---|---|---|
| Purcell | 364 | 377 | +13 |
| Carrillo | 676 | 671 | − 5 |
| Saenz | 459 | 462 | + 3 |
| Garcia | 570 | 572 | + 2 |
| Freer Box | | | |
| Purcell | 679 | 690 | +11 |
| Carrillo | 335 | 341 | + 6 |
| Saenz | 658 | 661 | + 3 |
| Garcia | 347 | 352 | + 5 |
| San Diego Box | | | |
| Purcell | 466 | 476 | +10 |
| Carrillo | 775 | 773 | − 2 |
| Saenz | 411 | 437 | +26 |
| Garcia | 831 | 819 | −12 |

It was admitted that the errors were the result of the court's putting a different interpretation on the intention of some of the voters from that placed thereon by the election judges, and that a recount of the other remaining boxes would not change the result of the election.

■ The first question to be decided is, Were contestees, who are appellees here, ineligible to have their names placed on the official ballot at such general election, because they had been candidates in the Democratic primary election held to select nominees for such general election and had been defeated at the primary election? There is no contention that they were not selected as independent candidates in the manner provided by Arts. 13.50, 13.51 and 13.52, Texas Election Code, V.A.T.S. The requirement of the statute is that voters signing a petition to have a person's name placed upon the ballot at the general election must be qualified voters who did not participate in any primary preceding such general election, but there is no requirement that such an independent candidate must not have participated in such a primary. Art. 13.51, Texas Election Code.

It has been definitely decided that participation in a prior primary election will not render a person ineligible to become an independent candidate at the general election. Texas Constitution, Art. 5, § 21, Vernon's Ann.St.; Weatherly v. Fulgham, 153 Tex. 481, 271 S.W.2d 938; Westerman v. Mims, 111 Tex. 29, 227 S.W. 178; Dancy v. Hunt, Tex.Civ.App., 294 S.W.2d 159; State ex rel. Sundfor v. Thorson, 72 N.D. 246, 6 N.W.2d 89, 143 A.L.R. 599; 29 C.J.S. Elections, § 133, p. 202.

Appellees were not ineligible to have their names placed on the ballot of the general election, and were not ineligible to hold the office to which they were elected at such general election.

■ Appellants next contend that the election should have been adjudged to be void because of an alleged fraud and conspiracy, and many irregularities indulged in by the election officials while the election was being held. The trial judge, who heard all of the evidence and saw the witnesses on the witness-stand, refused to declare the election void as a whole, or to throw out the boxes of Benavides and San Diego. There are no findings of fact or conclusions of law in the record, and the evidence does not justify a reversal of the judgment of the trial court in this respect. 21 Tex.Jur.2d 370, § 120.

The judgment is affirmed.