Walter BENESCH, Gordon Carlson, David Gray and Guy Richard Martin, a/k/a A. M. U.—U. of A. Gruening Write-In Committee, Petitioners,

v.

Keith H. MILLER, Secretary of State for the State of Alaska, Respondent.

No. 1058.

Supreme Court of Alaska.

Oct. 22, 1968.

Allen McGrath, Anchorage, for petitioners.

G. Kent Edward, Atty. Gen., Juneau, Dorothy A. Haaland, Asst. Atty. Gen., Anchorage, for respondent.

Before NESBETT, C. J., DIMOND and RABINOWITZ, JJ.

OPINION

NESBETT, Chief Justice.

Ernest Gruening, a duly elected United States Senator for Alaska, was an unsuccessful candidate for party nomination at the primary election held on August 27, 1968. Petitioners are members of a committee formed for the purpose of supporting and advocating his write-in candidacy for the office at the general election to be held on November 5, 1968.

AS 15.15.360(11), which provides that a write-in vote for a person whose candidacy for that office was rejected in a party primary in the same year is invalid unless the party nomine becomes unavailable, would, on its face appear to invalidate all write-in votes which the committee might

succeed in procuring for Senator Gruening.[1]

In their complaint for a declaratory judgment and restraining order, petitioners allege in effect that AS 15.15.360(11) is unconstitutional because its effect is to go beyond the authority of the state to prescribe "the times, places and manner of holding elections for Senators and representatives" given by sec. 4 of art. I of the United States Constitution,[2] and to establish a qualification for a candidate for the office of senator additional to the exclusive qualifications already established by sec. 3 of art. I of the United States Constitution.[3] The complaint further alleges that the statute illegally encumbers petitioners' effectiveness in exercising their legal right to advocate the write-in candidacy of Senator Ernest Gruening. After both parties had agreed that the pleadings raised only an issue of law and not an issue of material fact and petitioners had abandoned their claim for injunctive relief, the matter was submitted to the trial court for decision without argument.

In a memorandum decision the trial court denied declaratory relief on the ground that there was not an actual controversy within the meaning of AS 22.10.-020(b)[4] which could serve as a basis for a declaratory judgment. The court expressed the view that AS 15.15.360(11) did not establish an additional qualification, but was merely a regulatory provision which the state had authority to impose. The trial court held that petitioners' request for relief was premature and that the appropriate time to request relief would be if Senator Gruening obtained by write-in a majority of the votes cast and the election officials and the Secretary of State refused to recognize the votes as valid.

■ We have granted review under the provisions of Supreme Court Rule 23(e)[5] for the reason that the general election will be held within three weeks and review of the decision below by the process of appeal could not be accomplished prior to the election. Unless immediate review is granted there is a probability that an injustice will be worked on petitioners and others in

1. AS 15.15.360(11) states:
   A write-in vote for a person whose candidacy for that office was rejected in a party primary election in the same year is invalid unless the party nominee for that office has died, withdrawn, become disqualified, or been certified as incapacitated before the general election. A write-in vote cast contrary to this rule does not invalidate the entire ballot.

2. § 4 of Art. I of the United States Constitution states:
   The times, places and manner of holding elections for Senators and representatives, shall be prescribed in each state by the legislature thereof; but the Congress may at any time by law make or alter such regulations, except as to the places of choosing Senators.

3. § 3 of Art. I of the United States Constitution states in part:
   No person shall be a Senator who shall not have attained to the age of thirty years, and been nine years a citizen of the United States, and who shall not, when elected, be an inhabitant of that state for which he shall be chosen.

4. AS 22.10.020(b) states:
   In case of an actual controversy within the state, the superior court, upon

the filing of an appropriate pleading, may declare the rights and legal relations of an interested party seeking the declaration, whether or not further relief is or could be sought. The declaration has the force and effect of a final judgment or decree and is reviewable as such. Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against an adverse party whose rights have been determined by the judgment.

5. Supreme Court Rule 23(e) states:
   An aggrieved party may petition this court for review of any order or decision of the superior court, not otherwise appealable under Rule 6, in any action or proceeding, civil or criminal, as follows:
   \*    \*    \*    \*    \*
   (e) Where postponement of review until appeal may be taken from a final judgment will result in injustice because of impairment of a legal right, or because of unnecessary delay, expense, hardship or other related factors.

their class because the unequivocal wording of the statute will likely discourage potential Gruening supporters from casting their ballots for him for fear of having them later declared invalid and thereby wasted.

■ It is the opinion of the court that an actual controversy exists. The complaint alleges that AS 15.15.360(11) is unconstitutional in that it attempts to add a qualification for the office of United States Senator to those established by the United States Constitution and that the effect of the unconstitutional statute is to illegally encumber petitioners' effectiveness in exercising their legal right to advocate the write-in candidacy of Senator Ernest Gruening. Respondent denies these allegations for lack of information and requests that the complaint be dismissed for failure to state a claim for relief. Petitioners' interest in advocating and procuring write-in votes for Senator Gruening and in causing it to be publicly understood by all potential voters prior to the election that such votes would be tallied as valid votes by respondent and his election officials is adverse to the interest of respondent whose duty under the plain wording of the questioned statute is to enforce the statute according to its present wording on the assumption that all such votes are invalid.

The right of a state legislature to prescribe "the times, places and manner of holding elections for senators and representatives" is clearly recognized in sec. 4 of art. I of the United States Constitution. The fact that sec. 3 of art. I of the United States Constitution is exclusive in establishing the qualifications of candidates for United States Senator is likewise clearly recognized. The leading case for both propositions is Newberry v. United States [6] where the Supreme Court of the United States held that an act of Congress establishing the maximum sum which a candi-date for Congress might spend or cause to be contributed and spent to procure his nomination was invalid since it had the effect of adding a qualification to those established by the constitution.

The state courts have uniformly rejected attempts of state legislatures to add to the qualifications for the office of United States Senator and United States Representative. A factual situation very similar to the one presently before us is reported in State ex rel. Sundfor v. Thorson. [7] There a North Dakota statute prohibited any person who was a defeated candidate at the primary from being a candidate at the general election. The court struck the statute down on the petition of a candidate for the United States House of Representatives who was defeated in the primary election. The court found that the act, in effect, established a qualification for the office in addition to those established by the United States Constitution.

A comprehensive and scholarly analysis of the leading cases on the subject by Chief Justice Riner of the Supreme Court of Wyoming is contained in State ex rel. Johnson v. Crane. [8] In that case it was held that a provision of the Wyoming Constitution declaring that the governor should not be eligible to any other office during the term for which he was elected could not prevent the governor from becoming a member of the United States House of Representatives or the United States Senate because the qualifications for those offices are established by the United States Constitution and cannot be increased by the action of a state. Among the many cases discussed in *Crane* is In re O'Connor [9] where the New York court was asked to disqualify the nominating petition of Earl Browder, an avowed communist leader who had been convicted of violating federal law and sentenced to serve four years in prison, but who was out on bail pending appeal. It

---

6. 256 U.S. 232, 255–256, 41 S.Ct. 469, 65 L.Ed. 913, 920–921 (1921).

7. 72 N.D. 246, 6 N.W.2d 89, 143 A.L.R. 599 (1942).

8. 65 Wyo. 189, 197 P.2d 864 (1948).

9. 173 Misc. 419, 17 N.Y.S.2d 758, 759 (1940).

was held that federal constitutional qualifications for the United States Congress excluded all others and that the constitution and laws of New York could neither add to nor take away from them.

The authorities on the subject are numerous and all examined are of the same view as that expressed in the cases just mentioned. There was no doubt on this point in the mind of the trial judge in the case before us for he stated unequivocally in his memorandum opinion:

> Certainly the State has no authority to impose additional qualification on a candidate * * * over and above those required by the Constitution of the United States.

We have dwelt upon the subject to the extent that we have only for the purpose of placing our holding on the main issue in better perspective.

The main issue before us is whether AS 15.15.360(11) by invalidating write-in votes cast in the general election for a candidate for United States Senator who was defeated in the primary, has the effect of adding to the qualifications for that office.

We must hold that it does add to the qualifications established by sec. 3 of art.

I of the United States Constitution and is therefore unconstitutional.

Ernest Gruening had all the qualifications required to be a senator, in fact was a senator, during the primary election. Although he was defeated in the primary, his qualifications under the United States Constitution remained unchanged. If AS 15.15.360(11) were given effect it would invalidate any write-in vote cast for him in the general election. If all of the write-in votes cast for Senator Gruening were declared invalid and not counted the direct effect of the statute would be to eliminate him as a candidate for United States Senator even though he remained qualified to be a candidate under the United States Constitution. The over-all effect of AS 15.15.360(11) would be that of adding to the qualifications established by sec. 3 of art. I, the additional qualification that in order to be a candidate at the general election, the candidate must not have been defeated in the primary election for that office.

The relief requested by petitioners is granted. The case is remanded with the direction that a declaratory judgment in favor of petitioners consistent with the views expressed herein be entered.