JAMES J. MARETT, as Receiver of the Property of PHILIP C. P. TOALE, Plaintiff, *v.* FRANK SHANNON, Defendant.*

Supreme Court, Kings County, October 30, 1936.

*Horace M. Gray*, for the plaintiff.

*Armin H. Mittleman* [*Samuel Rabin* and *Arthur C. Mandel* of counsel], for the defendant.

* Received for publication November 11, 1937.

HUMPHREY, J. This action is brought by a receiver in supplementary proceedings to recover for losses alleged to have been suffered by Philip C. P. Toale to the defendant Shannon for lost wagers. The action was tried without a jury and commenced on September 29, 1936.

A review of the facts antedating the commencement of the action is essential to an understanding of the issues involved. Philip Toale was in the employ of one Hax Hirsch, whose business, among other things, was connected with the race tracks operated throughout the State. Philip Toale forged the name of his employer to certain of the employer's checks, which came into the hands of the employee. Contrary to Toale's duty, he deposited these forged checks to his account in the National City Bank.

Subsequently, the National City Bank was compelled to pay Max Hirsch, the employer, the amount of these forgeries.

Toale pleaded guilty to the theft and was sentenced to Sing Sing Prison therefor.

The bank assigned its claim against Toale to one Charles F. Goodspeed, who commenced suit for the amount of the forgeries the bank had been required to pay. Goodspeed, in his action, examined Toale in proceedings supplementary to execution, and on his motion a receiver was appointed of the property of Toale.

The receiver alleges that Toale lost the moneys in wagers to the defendant Shannon. These transactions happened in 1930. At that time the defendant Shannon was known as a " club house commissioner."

The evidence at the trial would indicate that at that time the system of taking bets was more complicated than it had been at other times, and that only those venturers who had credit with the club house commissioners were permitted to indulge in this sport of kings. Employees of the betting commissioner kept a record of wagers laid and at the close of the day a balance was struck and a check drawn either in favor of the bettor or the club house commissioner.

From the account of the judgment debtor with the National City Bank, into which the forged checks belonging to Max Hirsch had been deposited, the judgment debtor drew checks to the order of the defendant aggregating the sum of $16,560.

It seems plain to me, after hearing all of the testimony adduced at the trial, that these checks represented losses by the judgment debtor to this club house commissioner on the daily balances of wager transactions between the judgment debtor and the defendant.

Section 994 of the Penal Law provides that where money is lost through a wager the amount thereof may be recovered from the winner.

Section 991 of the Penal Law provides: " All wagers, bets or stakes, made to depend upon any race, or upon any gaming by lot or chance, or upon any lot, chance, casualty, or unknown or contingent event whatever, shall be unlawful."

It has been held that an obligation of that character is assignable. (*Meech* v. *Stoner*, 19 N. Y. 26.) The case of *Watts* v. *Malatesta* (262 N. Y. 80) holds that the whole amount of losses may be recovered without any right on the part of the betting commissioner to offset gains by the bettor. In this case only the balances are sought.

The defendant's contention that these checks represented sums advanced to the judgment debtor in cash fails to make a strong appeal.

Plaintiff, as receiver, may have judgment against the defendant for the sum of $16,560, with interest on the face amount of each check from the date thereof.