HARRY W. DUPPER, Appellant, v. JOHN ROGAN, Respondent.— Action, under section 994 of the Penal Law, to recover moneys bet on a set of wagers upon the outcome of horse races. Judgment for the defendant unanimously affirmed, with costs. If plaintiff was not a casual bettor he was not entitled to invoke Penal Law, section 994. The evidence presented a question of fact as to whether or not plaintiff was a casual bettor, and the finding of the jury that he was not a casual bettor has ample support in the evidence. The court correctly charged what constituted a casual bettor but, upon plaintiff's exception and the colloquy, withdrew its definition and left it to be decided on the common knowledge of the jury. Plaintiff did not save the point. He did not make a request for a specific charge that formulated his idea of the meaning that attached to the words " casual bettor." (*Rhinelander* v. *Rhinelander*, 219 App. Div. 189; affd., 245 N. Y. 510; *Fitzpatrick* v. *International Ry. Co.*, 252 id. 127, 141.) The refusal to charge that the customer and the defendant were not *in pari delicto* was proper in view of the request disregarding whether or not the customer was or was not a casual bettor. It is only in the event that he is a casual bettor that the customer is not *in pari delicto*. (*Watts* v. *Malatesta*, 262 N. Y. 80.) In the *Watts* case a jury was waived and plaintiff was found to be a casual bettor, either as a matter of fact or as a matter of law. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

MARY FINKELSTEIN, MENDEL FINKELSTEIN, an Infant, HARRY FINKELSTEIN, an Infant, by MAX FINKELSTEIN, Their Guardian ad Litem, and MAX FINKEL-STEIN, Respondents, v. CONEY ISLAND AND BROOKLYN RAILROAD COMPANY, Appellant.— In an action to recover for personal injuries and loss of services resulting from a collision between an automobile, in which plaintiffs were passengers, and defendant's trolley car, judgment in favor of plaintiffs reversed on the facts and a new trial granted, with costs to appellant to abide the event. In our opinion the verdicts in plaintiffs' favor are against the weight of the credible evidence. Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ., concur.