SAMUEL GALTROF, Plaintiff, v. ABRAHAM LEVY, Defendant.*

City Court of New York, Special Term, Bronx County, August 9, 1940.

---

* See 174 Misc. 489.

*Michael E. Rosenstein*, for the plaintiff.

*Henry Kane*, for the defendant.

EVANS, J. The action is, under section 994 of the Penal Law, to recover moneys lost by plaintiff, by betting on horse races. Defendant is said to be a professional bookmaker, and, as such, took these bets from plaintiff.

This is a motion by defendant to amend his answer. The subject-matter of the amendment is to allege, by way of a first defense, that plaintiff is not a casual gambler, but that he gambles continuously. In fact, it is alleged that, at one time, he was a business partner of defendant in professional gambling and divided profits and shared losses with defendant, as a result of professional gambling.

The second defense goes further and says that plaintiff is a book-maker, was in the employ of bookmakers, receiving and holding wagers on the outcome of horse races, either for himself or for other bookmakers, in whose employ he was for remuneration. That the plaintiff gambled for a major part of his livelihood for a long time, before and during the period recited in the complaint and that he was a habitual gambler on horse races and on the outcome of sporting events and games of chance, as a means of livelihood.

Apparently, these allegations are made to come within the decisions of *Watts* v. *Malatesta* (262 N. Y. 80) and *Dupper* v. *Rogan* (254 App. Div. 747) and to be distinguished from *Marett* v. *Shannon* (164 Misc. 790).

It must be noticed that these proposed defenses do not contain any factual allegations to show that in placing the bets, alleged in the complaint, the parties were *in pari delicto*, but contain a general attack on the character of plaintiff, as a common gambler for a livelihood.

I think defendant misconceives the doctrine laid down in the cases referred to. To me they mean that a person who makes the particular wager which he seeks to recover, will not be allowed a recovery if that wager was made in the course of that person's profession as a gambler. The cases cannot mean that one who has a bad character, tainted by gambling generally, may be barred from recovery under section 994 of the Penal Law. They cannot mean that a person who is a professional card gambler, and makes a living as such, may be barred from a recovery, under section 994 of the Penal Law, if he places bets on horse races and

loses. They also cannot mean that a bookmaker who makes a living as such, will be barred from recovering money lost in a dice game, or even when he undertakes, as a matter of sport, to place a bet with another bookmaker.

Nor is the distinction between a casual gambler and a professional gambler based on the frequency with which each takes part in games of chance. A man may bet on a horse race or play poker or dice every day of his life, and still be a casual gambler in the eyes of the law. On the other hand, he may only gamble for a short period, and still be a professional gambler. The distinction is made on the nature of the gambling rather than on its frequency. One who gambles for a livelihood, as a profession, violates the law, whether he does it for a week or for many years.

A professional card player or dice player may bet on horse races. If his living is made out of cards and dice, and he bets, for the sport of it, on horse races, he may be considered only a casual gambler when he losses a bet on a horse race. If this gambler loses money in a dice or card game, he could not recover it in an action under section 994 of the Penal Law, but he could recover it, if he lost it on a horse race, if the trier of the facts were convinced that he was not a professional gambler on the race tracks.

It seems to me that it is not the character of a plaintiff, as a general gambler, that determines the matter, but the nature of the transaction. If in the placing of the particular bets lost, recovery of which is sought, the plaintiff and defendant were *in pari delicto*, the plaintiff may not recover. Otherwise he may. (*Watts* v. *Malatesta*, 262 N. Y. 80.)

The proposed defenses do not put the plaintiff *in pari delicto* with defendant in the particular transactions set forth in the complaint. They attack his general character as a professional gambler, all of which may be admissible in evidence on the trial on the question of credibility of plaintiff on the factual question, as to whether, in the particular transactions set forth in the complaint, the parties were or were not *in pari delicto*.

The proposed amended answer is insufficient, but defendant may have leave to serve, within six days, such amended answer as he desires, upon payment of ten dollars costs, and its sufficiency may, thereafter, be determined.