DAVID KUGEL, as Receiver, etc., Plaintiff, *v.* IDA KALIK and Another, as Executors, etc., Defendants.[*]

Supreme Court, Special Term, New York County, January 17, 1941.

*Irving D. Lipkowitz*, for the plaintiff.

*Kotzen, Mann & Siegel*, for the defendants.

VALENTE, J. This is a motion to dismiss the complaint on the ground that the plaintiff, a receiver in supplementary proceedings of the property of one Schrein, does not possess legal capacity to sue because said Schrein is serving a sentence of imprisonment in a State prison for a term less than for life. Defendants claim that, since the prisoner's civil rights are suspended during the term of the sentence, her disability to sue attaches to the plaintiff who derives title to her cause of action from her. The plaintiff was appointed receiver of Schrein's property on the application of a judgment creditor of Schrein subsequent to the sentencing of Schrein to imprisonment in a State prison for a term less than for life. Section 510 of the Penal Law provides that such a sentence

---

[*] Affd., 262 App. Div. 823.

suspends, during the term thereof, all the civil rights of the person sentenced. Among the rights thus suspended is the right to sue. (*Green* v. *State of New York*, 251 App. Div. 108.) The defendants urge that if the plaintiff, as receiver of Schrein's property, should recover a sum in excess of the amount necessary to pay the judgment creditor and any other judgment creditors for whose benefit the receivership might be extended, the surplus would be held for Schrein and the suspension of the latter's right to sue thus indirectly nullified.

It is well settled that the loss of civil rights pursuant to section 510 of the Penal Law does not deprive the prisoner of the right to receive or transfer property and that it likewise does not operate as a forfeiture of the prisoner's property. In *Bamman* v. *Erickson* (259 App. Div. 1040) an assignee of a prisoner was permitted to recover upon a cause of action similar to the one contained in the present complaint. The court expressly overruled the contention " that plaintiff's assignor, because he was a felon, could not while in a State prison make an assignment of the cause of action because of the disabilities imposed upon a felon by section 510 of the Penal Law." That case dealt with a voluntary assignment, whereas here the assignment to the receiver is an involuntary one by operation of law. The principle of the *Bamman* case (*supra*) would, therefore, seem to apply *a fortiori* to the case at bar. In *Marett* v. *Shannon* (164 Misc. 790) a receiver in supplementary proceedings of a person sentenced to a State prison was permitted to recover in an action similar to the present one although, it is true, it does not appear that the claim that the judgment debtor's disability also applied to the receiver was made in that case. Both on the authority of *Bamman* v. *Erickson* (*supra*) and on principle the court holds that the disability to sue imposed by section 510 of the Penal Law is personal to the prisoner and does not bar the maintenance of a suit by her receiver in supplementary proceedings whose title to the cause of action is the result of an involuntary assignment by operation of law.

The decisions cited by the defendants which, even before the enactment of express statutory language to that effect, denied assignees of foreign corporations the right to sue where their assignors could not maintain actions in the courts of this State, are distinguishable. The intent of the corporate statutes there involved was wholly different from the purpose of the statute suspending the civil rights of a person sentenced to State prison. The corporate statutes were obviously designed to do more than impose a personal disability to sue upon non-complying foreign corporations. They were intended to force foreign corporations to comply with our

laws, a purpose which would have been frustrated if assignees of such corporations were permitted to sue. Section 510 of the Penal Law, on the other hand, appears to have been intended to impose a disability to sue only upon the prisoner personally and not upon the latter's involuntary assignee.

As to the claim of the defendants that sections 350 to 361, inclusive, of the Correction Law furnish the judgment creditor with a remedy to enforce collection of his judgment, it need only be observed that said remedy does not purport to be exclusive and, further, does not appear to be adequate.

The motion to dismiss the complaint is denied with leave to answer within ten days from the service of a copy of this order with notice of entry.