STANLEY FOSTER, an Infant, by FRED FOSTER, His Guardian ad Litem, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31692.)

Court of Claims, April 12, 1954.

*Robert Knox Murray* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Neil R. Farmelo* of counsel), for defendant.

MAJOR, J. This is a motion to dismiss claimant's claim on the ground that the claimant does not have the capacity to sue, by reason of section 510 of the Penal Law. Fred Foster was appointed guardian ad litem by order of this court on December 17, 1952, for the purpose of prosecuting this claim.

The accident purported to be the cause of claimant's injuries occurred on or about July 19, 1949, at the Syracuse State School, where claimant was then confined.

On August 9, 1952, the claimant was convicted in Onondaga County Court of grand larceny first degree; and, on December 11, 1952, he was committed to the Reception Center of the New York State Department of Correction, there to be received, classified and certified for transfer to another institution for further confinement and training, pursuant to article 3-A of the Correction Law for an indefinite sentence, in accordance with section 1931 of the Penal Law, as amended.

The claimant verified the claim on January 12, 1953, and filed it in the office of the Clerk of the Court of Claims on January 16, 1953. No intention to file a claim was ever filed.

Section 510 of the Penal Law (L. 1950, ch. 525) at the time of filing the claim read as follows: "A sentence of imprisonment in a state prison for any term less than for life or a sentence of imprisonment in a state prison for an indeterminate term, having a minimum of one day and a maximum of natural life, forfeits all the public offices, and suspends, during the term of the sentence, all the civil rights, and all private trusts, authority, or powers of, or held by, the person sentenced   *   *   *."

Claimant was not sentenced to a State prison.

There is no evidence to the knowledge of this court, either by statements to the court or by the moving papers, as to where this claimant was to serve his sentence. The commitment papers sent him to the Reception Center of the New York State Department of Correction at Elmira, New York, where he was to be received, classified and certified for transfer.

Section 60 of article 3-A of the Correction Law states that the Reception Center shall be located at Elmira Reformatory, or at such other place within the State as the commissioner may determine. In the commitment, the Reception Center is stated as being at Elmira. It is, therefore, assumed that the Reception Center at that time was located at Elmira Reformatory.

In the absence of proof that the claimant was transferred to some State prison from the Reception Center at Elmira Reformatory, it must be assumed by the court that the claimant is still confined at Elmira Reformatory. This institution is not a State prison and is not, therefore, included within the disability provisions of section 510 of the Penal Law.

Also, this claim is not brought by the infant, but by his guardian ad litem. The disability to sue imposed by section 510

of the Penal Law is personal to the prisoner and does not bar the maintenance of an action by his guardian ad litem or other representative. (*Kugel* v. *Kalik,* 176 Misc. 49; *Nastasi* v. *State,* 186 Misc. 1051.)

The motion of the State to dismiss the above claim is denied. Submit order accordingly.