WILBUR A. GLENA, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 32900.)

Court of Claims, March 7, 1955.

*Roderick M. Cunningham* for claimant.

*Jacob K. Javits, Attorney-General (Neil R. Farmelo* of counsel), for defendant.

RYAN, J. This is an application for an examination before trial of the defendant by its chief medical officer at Attica State Prison and for the production of the prison records with respect to the above-named claimant. The answering affidavit discloses that Glena was admitted to Attica March 7, 1951, being com-

mitted upon a sentence of two years, six months minimum and five years maximum, that he was transferred to Sing Sing June 17, 1952, was paroled December 17, 1952, was deemed delinquent March 23, 1954, and was readmitted to Attica December 9, 1954, as a parole violator to serve a remainder of three years, one month and fourteen days with no right of parole; that his term will expire August 16, 1956. None of the statements recited in the affidavit is refuted. Claimant's counsel states that Glena was in the Monroe County jail from March 23, 1954, to December 9, 1954.

On December 1, 1954, claimant sued the State of New York, for injuries allegedly sustained on April 5, 1952, by reason of the negligence of its employees, by filing a verified claim in this court.

Claimant's civil rights were suspended upon his sentence. (Penal Law, § 510; *Green* v. *State of New York*, 251 App. Div. 108.) By virtue of the amendment of section 510 by chapter 260 of the Laws of 1946, a parolee, while released, may institute suit. (*Grant* v. *State of New York*, 192 Misc. 45.) The use of court process is a civil right which is held in abeyance until the legal disability has ceased to exist. (*Nastasi* v. *State of New York*, 186 Misc. 1051.) An examination before trial being an incident to the prosecution of suit, claimant's motion is denied. Submit order.