Howard A. Zeller, J.
Upon the trial of this matrimonial action the special guardian of the incompetent defendant moved alternatively for a dismissal of the action or for mistrial. The grounds for special guardian’s objection to the prosecution of the action is the civil disability of the plaintiff, who initiated the suit while on parole from a State penitentiary but who was *620 recommitted as a parole violator prior to the trial of this action.
Under the provisions of section 510 of the Penal Law the right to sue a civil action and the subsequent use of court process are civil rights which are suspended but not forfeited upon imprisonment in a State penitentiary. Section 510 also restores such civil rights to a parolee so that this action was properly commenced. Since plaintiff’s recommitment serves only to suspend again his civil rights rather than to work a forfeiture of them, the special guardian’s motion to dismiss the action should be denied. (Nastasi v. State of New York, 186 Misc. 1051.)
HoAvever, the reimprisonment of the plaintiff as a parole violator does require that the court’s processes be denied him and the action should be abated until his present civil disability shall have been terminated. (Glena v. State of New York, 207 Misc. 776; Nastasi v. State of New York, supra.)
Special guardian’s motion for mistrial should be .granted, without costs.
Submit order accordingly.