■ GOODYEAR ALUMINUM PRODUCTS, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claims Nos. 37314–37315.) — The State appeals from an order of the Court of Claims which denied the State's motion for an order dismissing two claims filed by the same claimant pursuant to rule 106 of the Rules of Civil Practice. One claim seeks to recover damages for alleged slanderous remarks made by an Assistant Attorney-General of the State to a newspaper reporter about and concerning claimant. The second claim alleges the same remarks to be libelous because the same Assistant Attorney-General caused or instigated their publication in a newspaper. Under article 8 of the General Corporation Law the Attorney-General is empowered to bring an action to annul the charter of a corporation on the ground that it has indulged in deceptive advertising practices which are detrimental to the public interest. He is given a preliminary subpœna power to aid him in determining whether or not to bring such an action against a corporation. In connection with such a preliminary investigation the Attorney-General has caused claimant's books and records to be subpœnaed. Claimant obtained a show cause order staying the investigation pending a motion to vacate the subpœna. Prior to the return date of the show cause order the Assistant Attorney-General in charge of the investigation is alleged to have made the statements, which for the purposes of this motion must be assumed to be defamatory, to a newspaper reporter. The principal contention of the State is that the Assistant Attorney-General enjoys an absolute privilege which renders him, and hence the State, immune from suit for damages for a statement made within the scope of his official duties. That the question of extent of absolute privilege is a troublesome one is well demon-

strated by the divergent opinions in *Barr* v. *Matteo* (360 U. S. 564). While the majority of the Supreme Court held that absolute privilege extended to the head of a Federal agency who issued a press release, the decision was expressly limited to the unusual facts of that particular case. The Court of Claims has held, we think correctly, that the words allegedly uttered by the Assistant Attorney-General were not uttered within the scope of his official duties. They were not uttered in court or addressed to any audience which could do anything about the matter. It is not alleged that the words were in the nature of an official report, or uttered pursuant to any duty of office, or that they were addressed to anyone empowered to receive them or act upon them. Hence the doctrine of absolute privilege or immunity does not apply. (*Cheatum* v. *Wehle,* 5 N Y 2d 585.) However, these actions are against the State, and the moment we conclude that it appears from the claims that the Assistant Attorney-General was not acting within the scope of his official duties, it follows that the State is not liable for his tort, and the Court of Claims is without jurisdiction. The State is not liable for the personal torts of its officers and employees committed outside of or beyond their official duties. Subdivision 2 of section 9 of the Court of Claims Act gives the court jurisdiction to determine claims against the State for only " the torts of its officers or employees while acting as such officers or employees ". Order reversed and the claims dismissed, without costs.