Daniel G. Albert, J.
This is a motion by defendant for summary judgment dismissing the complaint on the ground that the action has no merit, that the complaint does not state a cause of action against the defendant and. that there are no triable issues (CPLR 3212).
The complaint consists of two causes of action wherein plaintiffs, in their first cause of action, sue to recover “special” damages in the sum of $3,350,000 together with ‘ certain amounts difficult to ascertain ’ ’ for alleged tortious acts on the part of the defendant; and for general damages in the sum of $2,000,000 for alleged libel in their second cause of action.
The two individual plaintiffs are the principal officers and stockholders of the three corporate plaintiffs. The defendant is the Commissioner of Accounts of Nassau County. It is conceded that the defendant, at all the times mentioned in the complaint, and at the time of the making of this motion was and continued to be the duly designated Commissioner of Accounts of the County of Nassau. Nevertheless defendant is being sued personally and not in his official capacity as a servant, agent, representative, employee or official of Nassau County.
The complaint, after alleging that the personal plaintiffs are registered members of the Republican party in Nassau County and that the defendant is a prominent member of the Democratic party in said county, goes on to allege that prior to certain acts on the part of the defendant, the personal plaintiffs both individually and as officers and stockholders of the corporate plaintiffs enjoyed an enviable and valuable reputation for honesty, integrity and trustworthiness and were considered among the most prominent and respected land developers and dredging contractors in Nassau and Suffolk Counties; but that starting-in February, ,1965 the defendant began an investigation into the business affairs of the corporate plaintiff, Fort Neck Landing-Development Corp., and that thereafter the defendant adopted, and is still continuing, a course of conduct calculated to deliberately and intentionally ruin the plaintiffs both financially and otherwise, and to ultimately drive them out of business.
Plaintiffs allege in substance that defendant actually threatened, at the very outset, that he “ would put Firester ‘ out-of-business ’ ” unless Firester “ would tell him the identity of the Republican town official or officials that they (plaintiffs) had paid off ”; and that.if he (Firester) would give the defendant this information, “he would let said plaintiffs ‘ off tire " hook ’ on the ground that he could not get any ‘ political mileage ’ out of them.” Plaintiffs further allege that the defendant, Lipson, informed the plaintiffs, Firester and LeShtify, that *529 “ said plaintiffs must have been paying-off one or more Republican town officials of the Town of Hempstead in order to have obtained the dredging business they had received over the past several years, that he had enough evidence to cause said plaintiffs to be put in jail, etc.”
In substance the plaintiffs also assert that during the period February through June, 1965 the defendant was actively seeking to become the Democratic candidate for the office of District Attorney of Nassau County in the November, 1965 elections, and that his actions toward them were wholly outside the scope of his authority as Commissioner of Accounts of Nassau County but were designed to further his own personal political ends and, ‘ ‘ the ends of other Democratic Party candidates for elective offices within the territorial jurisdiction of Nassau, and were in violation of §§ 372, 1823 and 1826 of the Penal Law of the State of New York.” The complaint and the moving papers on this application allege a number of specific acts which the plaintiffs charge defendant carried out to further his purposes, including so-called “ leaks ” to the press concerning investigations that he was conducting involving the personal and corporate plaintiffs, and that “ the resulting damage caused thereby to plaintiffs’ property, reputations, good-will, credit standing and business prospects . . . were and are designed to force plaintiffs out of business unless they identified the Republican official or officials of the Town of Hempstead who they allegedly ‘ paid-off ’ as aforesaid and constituted a continuing violation of Article 13, Section 2 of the New York State Constitution, as well as of §§ 530 and 854 of the Penal Law of the State of New York.”
Plaintiffs further allege, among other things, that the “ defendant held a press conference during which he caused to be issued to the press (through the County Executive) a 65-page Report dated July 26, 1965 (purportedly prepared by him in Ms official capacity but actually prepared by him in his individual capacity in furtherance of the scheme to drive me and the other plaintiffs out of business as aforesaid) dealing almost entirely with alleged improprieties, possible criminal activities and unethical conduct on the part of plaintiffs knowing full well that, although such charges and allegations therein contained were false, untrue and libelous, they would be quoted extensively by many newspapers in the New York metropolitan area because of the ‘privileged’ character of said Report, etc.” Plaintiffs deny any wrongdoing on their part in any of their dealings • with town officials in Nassau County and allege that they advised the defendant that if they agreed to what he *530 wanted, and complied with his request,, they would be lying, since defendant’s statements were untrue and had no foundation in fact and that his assumption was completely false,
The above-noted resumé, in substance, summarises the allegations of the plaintiffs’ complaint, and, based upon them, the plaintiffs sue for damages as above noted claiming in their first cause of action that the defendant committed a prima facie tort completely outside of his official duties as the Commissioner of Accounts of Nassau County and is therefore personally liable to them for such act, and, in the second cause of action claiming that they were personally libeled by his acts and were caused grievous damages to result to their business and to their personal names and reputations and good standing in the community.
The first 20 enumerated paragraphs of the complaint allege the basis for plaintiffs’ contentions that the acts of the defendant were malicious and tortious in nature and that his subsequent acts were deliberately and intentionally planned to cause plaintiffs personal injury and damage to their reputations and standing in the community and to drive them out of business, and paragraph enumerated 11 21 ” of the complaint lists the alleged acts on the part of the defendant by which he set about carrying out his threats previously made to the personal plaintiffs.
Paragraph “ 22(a) ” of the complaint alleges that plaintiff, Port Neck Landing Development Corp., was damaged in the sum of $2,000,000 when negotiations for the purchase of its assets by prospective buyers for approximately 2.5 million dollars were terminated.
The names of the alleged buyers are not set forth, nor are other particulars regarding this allegation of damage alleged in the complaint.
In paragraph “ 22(b) ” plaintiff, Bayland Estates, Inc., alleges that it Avas damaged in the sum of 1.85 million dollars when its contract with LaAvrcnce Country Estates, Inc., for its sale of land for a sum in excess of 2.25 million dollars was cancelled.
Paragraph “ 22(c) and (d) ” alleges that plaintiffs were damaged “in an amount difficult to ascertain” when officers of tAVo respective banks took certain actions on loans then outstanding.
Thus far I have dealt only Avith the allegations of plaintiffs’ first cause of action which is predicated upon alleged tortious acts on the part of the defendant outside the realm of his official capacity as Commissioner of Accounts and for Avhich plaintiffs allege and seek to recover special damages.
*531 In the second cause of action plaintiffs by reference incorporate the first 22 allegations of their complaint and then go on to incorporate by reference all of the newspaper articles and “reports” alleged in paragraph “21” and then claim that by reason of the false, untrue and libelous statements contained in said articles and “ Reports ”, that each of the two personal plaintiffs, Firester and LeShufy, was injured “ in his good name and reputation and in the high regard, respect, confidence and esteem he hitherto had enjoyed as a land developer and dredging contractor in Nassau and Suffolk Counties in the sum of $1,000,000.”
This court has had this matter before it on a previous occasion wherein plaintiffs then sought a preliminary injunction enjoining and restraining the defendant from continuing the acts complained of in the complaint. I denied that application for an injunction pendente lite and directed that a preference be granted in the trial of this action and that it be set down for trial at the February Term of this court, on the general premise that the issues presented by the peadings on that application were of such a controversial nature that the court could not, in justice to all parties, summarily make a judgment on all the issues without the benefit of a trial. The complaint was not under attack on the application for a preliminary injunction, although it was then argued as it is now by defendant’s counsel that defendant, by virtue of his official position as Commissioner of Accounts of Nassau County enjoyed absolute and unlimited immunity from any acts committed by him against these plaintiffs.
Instead of proceeding to trial, the defendant, as is his right, brings this motion for a dismissal of the complaint and for summary judgment.
As has been noted, supra, plaintiffs’ first cause of actual damages alleges a prima facie tort. Prima facie tort has been defined by decisional law as ‘ ‘ the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful.” (Ruza v. Ruza, 286 App. Div. 767, 769 [emphasis added].)
I do not agree with defendant’s contention on this motion that because he committed the acts alleged (which, for the purposes of this motion we must assume to be true) while he held the position of Commissioner' of Accounts of Nassau County, that he has absolute and unlimited immunity. The defendant undoubtedly does enjoy an absolute immunity from liability for damages for torts committed by him, provided it can be established that the acts allegedly committed by him were *532 so committed while acting within the scope of his authority. (Sheridan v. Crisona, 14 N Y 2d 108.) He, like any other public official, does not however enjoy unlimited immunity if he commits a willful tort by acting outside the scope of his authority. (James v. Powell, 14 N Y 2d 881.) In other words I interpret the decisional law on this subject to be that if plaintiffs can prove that the defendant acted “ solely to produce damage ”, even though he ordinarily had a right to do what he did, then the defendant may be held liable personally for having committed a prima facie tort. If on the other hand it is ultimately determined that the defendant in this action stayed within the limits of his investigative authority and made the investigation referred to in the complaint because he deemed such investigation “to be for the best interests of the' County ” and not solely for the purpose of maliciously causing damage and injury to the plaintiffs, then of course he may not be held liable. That the defendant in this action acting in his capacity as Commissioner of Accounts of Nassau County had the authority to make examinations at the direction of the County Executive “ of the accounts, methods and activities of each department, institution, office or agency of the County and of the towns and special districts,” etc., and to report to the County Executive his findings thereon, is beyond question. Whether or not, however, he committed a prima facie tort ■against these plaintiffs as they allege in their first cause of action is not for this court to determine by summary motion, but rather must be left for a plenary trial.
Defendant urges, among other things, that the complaint must be dismissed because plaintiffs have failed to fully and accurately allege their “special damages”. In this regard I find that the allegation of special damages as alleged in paragraph “ 22(b) ” of the complaint is sufficient; but I find that the allegations of special damages as alleged in paragraphs “22(a), (c) and (d) ” of the complaint to be insufficient and do not meet the requirements of decisional law on this subject. Since only special damages are recoverable in an action for prima facie tort, these allegations of special damages “ must state specifically and with particularity the items of loss claimed by the plaintiff ”. (Faulk v. Aware, Inc., 3 Misc 2d 833, 839.)
Accordingly the afore-mentioned allegations of plaintiffs’ first cause of action alleged in plaintiffs’ complaint will be stricken with leave to plaintiffs to replead if they be so advised and the motion for summary judgment will be denied as to the balance of said cause of action (CPLR 3212, subd. [e]).
*533 On the second canse of action alleged in plaintiffs’ complaint based upon alleged libel of the plaintiffs committed by defendant through newspaper articles and “Reports”, I find that there is no basis in law or in fact for sustaining this cause of action, and summary judgment dismissing the second cause of action from the plaintiffs’ complaint and severing it from so much of the first cause of action as I have permitted to stand will be granted.
The defendant raises another objection to plaintiffs’ complaint on the ground that since he was an officer and employee of the County of Nassau, whose salary was paid from Nas,sau County funds, plaintiffs cannot succeed without complying with the provisions of those statutes applicable to the commencement of an action against the County of Nassau or its -agents, servants and employees, namely subdivision 1 of section 52 of the County Law of the State of New York and the provisions of section 50-e of the General Municipal Law of the State of New York.
I hold that since the defendant is being sued personally in his individual capacity alone, and not as an officer, employee, servant or representative of Nassau County, this objection by defendant is not well taken and must be overruled.
The case of Stale-wide Vending v. Reilly, wherein Mr. Justice Robinson of this court granted a motion to dismiss the complaint against the said Joseph Reilly while he was Mayor of the City of Glen Cove and a member of the Board of Supervisors of Nassau County is easily distinguishable from the case at bar.