Michael Catalano, J.
Plaintiff moves to strike paragraphs 4 through 14 inclusive of defendants’ answer, containing a first complete defense of privilege, a second complete defense of fair comment, a first partial defense of privilege, a second partial defense of fair comment, and a third partial defense of mitigating circumstances.
The complaint alleges, in effect, that plaintiff resides and conducts a drug business under the name of “ Wyoming Bexall Drug ” in Warsaw, Wyoming County, New York; that defendant Brei is Commissioner of Public Welfare of defendant County; that on April 12, 1966 Brei was interviewed by newspaper reporters concerning a State audit criticizing excessive expenditures “ and in his official capacity as County Commissioner of Public Welfare, made the following statement to said reporters: ‘ The Wyoming Bexall Pharmacy transacted, for the period examined, business in the amount of $1,831.00, or 53% of the total expenditures of $4,354.00 for all vendors * * * I checked and found that linen saver underpads for which this store charged us $28.00 a case carried a wholesale price of only $8.00 a case. That’s some markup ’”; that Brei intended it to be published and it was published in newspapers of general circulation; that it was intended and understood as applying to plaintiff’s business; that it was made with malice and intent to injure plaintiff’s business and reputation, to plaintiff’s resultant damage.
The affirmative defenses allege, in effect, that Brei acted as such Commissioner under the supervision of the State Board of Social Welfare, which regularly examined the “ records of his office and has made audits and reports thereon;” that such an audit and report stated, in part: ‘ ‘ The Wyoming Bexall Pharmacy transacted, for the period examined, business in the amount of $1,831.00 or 53% of the total expenditures of $4,354.00 for all vendors. Of this sum of $1,831.18, $857.70 accounted for 30 cases, each containing 200 Loress linen saver underpads at a cost of $28.59 per case ’ ’; that his comments thereon 1 ‘ were privileged by reason of the official nature of the documents and the questions directed to the interpretation thereof.”
The alleged defamation in the complaint narrows down to these words (which Brei denies having said): “I checked and found that linen saver underpads for which this store charged us $28.00 a case carried a wholesale price of only $8.00 a case. That’s some markup.”
*365 CPLR 3211 (fiubd. [b]), entitled “Motion to dismiss defense ’ ’, provides: “A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit.” Section 78 of the Civil Rights Law, entitled “ Mitigating circumstances in action for libel or slander,” provides, in part: “In an action for libel or slander the defendant may prove mitigating circumstances, including the sources of his information and the grounds for his belief, whether or not he has pleaded or attempted to prove any defense. * # * Matter tending only to mitigate or reduce damages is a partial defense and may be set forth in the answer. ’ ’
When public officials, in the performance of their duties, speak on matters of public interest, they are protected by constitutional safeguards of freedom of speech, as is the private citizen; such statements printed in the press of general circulation are shielded by the freedom of the press, albeit a citizen be defamed thereby. (Gilberg v. Goffi, 21 A D 2d 517, 519, affd. 15 N Y 2d 1023. See authorities cited.)
Each State Department head, including the State Board of Social Welfare, shall make an annual report to the Governor and Legislature, and the head of any department may require any board or subordinate officer or employee of the department to make such reports when deemed necessary (Executive Law, § 164; see, also, Social Welfare Law, § 17, subd. [d]).
Intradepartmental reports should be freely made without fear of civil suit for damages, especially when based upon facts and figures which become public documents on a matter of public concern upon which the Governor and Legislature may rely in proposing budgets and passing ameliorative legislation. (Cheatum v. Wehle, 5 N Y 2d 585, 593.) The release of such reports by a municipal official to the press after they have become duly made is within the scope of the absolute privilege against defamation actions. (Sheridan v. Crisona, 14 N Y 2d 108, 113. See, also, Gilberg v. Goffi, 21 A D 2d 517, 519, affd. 15 N Y 2d 1023, supra.)
Absolute privilege is a complete defense whether pleaded affirmatively in the answer or discernible from the complaint itself; qualified privilege is a defense to be pleaded and proved; whether a privilege exists at all is a question for the court, not the jury. (Duffy v. Kipers, 26 A D 2d 127, 129. See, also, Restatement, Torts, § 619.)
Fair comment, as a defense, extends to a fair and honest statement of actual facts relating to public acts and to reasonable and justifiable criticism thereof; but not attacks upon private character or not conclusions that a jury may find to be *366 improper and unjustifiable. (Cheatum v. Wehle, 5 N Y 2d 585, 591, supra.) Anyone may make a fair comment based upon the truth. (Ibid., p. 598, per Van Voorhis, J., concurring.)
Where an Assistant Attorney-General of the State makes allegedly slanderous remarks to a newspaper reporter about a person, they are not uttered within the scope of his official duties and he has no absolute privilege, and the State is not liable for such personal tort. (Goodyear Aluminum Prods, v. State of New York, 12 A D 2d 692, 693.) So also, when a County Commissioner of Public Welfare speaks beyond his official duties to newspaper reporters about his personal investigation and opinion, defaming a private individual, the county is not liable therefor.
A motion to dismiss a defense searches the sufficiency of the complaint. (Smith v. Helbraun, 21 A D 2d 830, 831; New York Plumbers Specialties Co. v. Columbia Cas. Co., 13 A D 2d 449.)
Here, the complaint states no cause of action against the county; therefore, it is dismissed as to the county. The complaint is prima facie sufficient against Brei as to the alleged words he spoke: “ I checked and found that linen saver under-pads for which this store charged us $28.00 a case carried a wholesale price of only $8.00 a case. That’s some markup.”
The first, complete defense sufficiently alleges the defense of qualified privilege by Brei, who had an absolute privilege to publish the report itself, but when he added his own findings of alleged facts and his own opinion thereon, he lost his absolute privilege pro tanto.
The second, complete defense of fair comment is sufficient.
The other defenses are sufficient to mitigate or reduce damages.
Motion denied, without costs.