**C. James LOMBARDI, Jr., Plaintiff,**

v.

**Dean PEACE, Dean of Students at City College in New York City, Defendant.**

**No. 66 Civ. 1388.**

United States District Court
S. D. New York.
Sept. 26, 1966.

C. James Lombardi, Jr., pro se.

J. Lee Rankin, Corp. Counsel, City of New York, for defendant.

## MEMORANDUM

TENNEY, District Judge.

Defendant moves for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure dismissing plaintiff's complaint on the grounds of lack of jurisdiction, failure to state a claim upon which relief may be granted and incapacity to bring suit.

Plaintiff appears *pro se* and, as is not uncommon in such situations, has drawn pleadings and affidavits which are disjointed, difficult to follow and often unintelligible. Under the circumstances, and as required by the Rules, the Court has construed plaintiff's papers with liberality in order to determine whether sufficient can be drawn from the allegations contained therein to stand up against defendant's motion.

Plaintiff alleges that he is presently serving a 40-year to life sentence in the state prison at Stormville, New York. Plaintiff further alleges that the "illegal and unconstitutional" conviction on which this sentence is based is presently on appeal in the New York Court of

Appeals and the United States Court of Appeals for the Second Circuit.

On May 16, 1966, plaintiff commenced the instant action for $10,000 damages against the Dean of Students at City College in New York City. Plaintiff alleges that the defendant entered into a conspiracy with Burton Roberts, an Assistant District Attorney of New York County, and others, which resulted in the denial to plaintiff of due process of law as guaranteed by the Fourteenth Amendment. Specifically, plaintiff charges that his constitutional rights were violated when the defendant schemed to prevent one Valerie Zeller and the plaintiff himself from testifying on plaintiff's own behalf at plaintiff's trial.

At the outset, the Court has serious reservations about whether it has jurisdiction in this case. Plaintiff states that jurisdiction is based on Title 28 of the United States Code, Sections 1331 and 1343. 28 U.S.C. § 1331 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

 It is clear that federal jurisdiction under 28 U.S.C. § 1331 cannot be sustained on the bare allegation that the claim arises "under the Constitution, laws, or treaties of the United States." The claim on which the Constitutional issue is raised must be well-pleaded. Stanturf v. Sipes, 335 F.2d 224 (8th Cir. 1964), cert. denied, 379 U.S. 977, 85 S.Ct. 676, 13 L.Ed.2d 567 (1965). See Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Gully v. First Nat'l Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). And a mere assertion of the deprivation of a Constitutional right is not sufficient to sustain jurisdiction; conclusory statements unsupported by adequate factual allegations will not suffice. See Stanturf v. Sipes, supra, and cases cited therein. An examination of plaintiff's papers discloses a definite failure to invoke the jurisdiction of this Court under 28 U.S.C. § 1331. The only reference to the Constitution or a federal statute in plaintiff's complaint is the bare allegation that his conviction was unconstitutional. In a paper designated as "Statement of Compliance with Rule 8(a) FRCP", plaintiff alleges that federal questions are involved and that plaintiff has suffered Constitutional deprivations. In another paper, incorrectly labeled plaintiff's "cross-motion and answer", plaintiff states that his complaint sets forth a conspiracy within the ambit of the Fourteenth Amendment. Plaintiff devotes one rambling and disjointed paragraph to various conclusory allegations that his rights under the Constitution have been violated. Clearly, the requirements of 28 U.S.C. § 1331 have not been met.[1]

Plaintiff also invokes the jurisdiction of this Court under 28 U.S.C. § 1343(2) and (3). These subsections provide:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) * * *

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute,

---

1. Although plaintiff's papers do not presently allege the jurisdictional amount required by this section, this defect may possibly be cured by amendment. However, any such amendment would be closely scrutinized by the Court to determine whether it was made in good faith or merely to confer the jurisdiction on this Court which would not otherwise exist. See Joseph E. Bennett Co. v. Trio Industries, Inc., 306 F.2d 546 (1st Cir. 1962). This matter need not be considered further because of the patent defect of the jurisdictional allegation as hereinbefore discussed.

ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States * * *.

Subsection (2) refers to Section 1985 of Title 42, one of the civil rights statutes. The only possible bases for plaintiff's action under 17 Stat. 13 (1871), as amended, 42 U.S.C. § 1985 (1964), are to be found in subsections (2) and (3), the pertinent parts of which are set out below:

(1) * * *

(2) If two or more persons * * * conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully * * * or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court * * * or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice * * * with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

(3) If two or more persons in any State or Territory conspire * * * for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws * * *. [I]n any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

Subsection (2) requires, *inter alia,* that the conspiracy to impede justice be with the purposeful intent to deny a citizen the equal protection of the laws. Hoffman v. Halden, 268 F.2d 280 (9th Cir.1959); Mitchell v. Greenough, 100 F.2d 184 (9th Cir.), cert. denied, 306 U.S. 659, 59 S.Ct. 788, 83 L.Ed. 1056 (1938). Subsection (3) requires *inter alia,* the conspiracy to result in the deprivation to any person of the equal protection of the laws or the equal privileges and immunities under the laws. Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); Whittington v. Johnston, 201 F.2d 810 (5th Cir.), cert. denied, 346 U.S. 867, 74 S.Ct. 103, 98 L. Ed. 377 (1953). To come within the latter subsection, plaintiff would also have to allege facts amounting to intentional and purposeful discrimination against plaintiff as an individual or as a member of a class. Norton v. McShane, 332 F.2d 855 (5th Cir. 1964), cert. denied, 380 U.S. 981, 85 S.Ct. 1345, 14 L. Ed.2d 274 (1965).

■■ An examination of plaintiff's papers fails to disclose any basis for the invocation of this Court's jurisdiction under 42 U.S.C. § 1985(2), (3). Plaintiff has alleged neither denial of equal protection nor the denial of his privileges and immunities. His papers merely contain the bare allegation that the defendant's conspiratorial actions have deprived him of due process of law. But it is established that 42 U.S.C. § 1985 does not create a cause of action for a conspiracy to deny due process. Joyce v. Ferrazzi, 323 F.2d 931 (1st Cir.1963); Dunn v. Gazzola, 216 F.2d 709 (1st Cir. 1954).

The Court now turns to defendant's contention that no cause of action has been stated. For purposes of discussion, the Court will assume, somewhat hesitantly, that plaintiff has satisfied the jurisdictional requirements. Nevertheless, it is clear that no claim has been stated upon which relief can be granted. Plaintiff's papers are a series of vague, disjointed and general statements which are intended to point to the defendant as an integral part of an unconstitutional conspiracy.

■■ In cases under the Civil Rights Act alleging that various individuals had conspired to deprive plaintiff of his constitutional rights, the complaint must do more than merely state vague and conclusory allegations respecting the existence of a conspiracy. Powell v. Workmen's Compensation Bd., 327 F.2d 131 (2d Cir.1964); Morgan v. Sylvester, 125 F.Supp. 380 (S.D.N.Y.1954), aff'd, 220 F.2d 758 (2d Cir.), cert. denied, 350 U.S. 867, 76 S.Ct. 112, 100 L.Ed. 768, petition for rehearing denied, 350 U.S. 919, 76 S.Ct. 201, 100 L.Ed. 805 (1955). The plaintiff must allege with at least some degree of particularity overt acts which defendant engaged in that were reasonably related to the promotion of the claimed conspiracy. Powell v. Workmen's Compensation Bd., supra. Merely characterizing the defendant's conduct as conspiratorial or unlawful does not set out allegations upon which a Court can grant relief. Hanna v. Home Ins. Co., 281 F.2d 298 (5th Cir.1960), cert. denied, 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747, petition for rehearing denied, 366 U.S. 955, 81 S.Ct. 1905, 6 L.Ed.2d 1247 (1961). Even under the most liberal construction, plaintiff's papers in this case are clearly defective. Most, if not all, of the elements essential to a valid cause of action are lacking.

■ The Court is of the opinion that plaintiff is suing under the civil rights statute in an attempt to bypass the requirements of federal habeas corpus. When a prisoner brought a damage action under the civil rights statute against various individuals for an alleged conspiracy to deprive the prisoner of his constitutional rights in securing his conviction, the Court, in Gaito v. Strauss, 249 F.Supp. 923 (W.D.Pa.1966), declared, "It is clear that the Civil Rights Act may not be used to circumvent the federal habeas corpus statutes." Contentions similar to those raised here have recently been the subject of habeas corpus proceedings. United States ex rel. Cornitcher v. Myers, 253 F.Supp. 763 (E.D. Pa.1966); United States ex rel. Hough v. Maroney, 247 F.Supp. 767 (W.D.Pa. 1965). If there is merit to plaintiff's allegations, he will have adequate opportunity to present them once he has complied with the requirements of the federal habeas corpus statutes. Alternatively, many of plaintiff's allegations are more properly the subject of a criminal appeal rather than a civil action for damages.

■ Finally, there is an additional ground which justifies the dismissal of plaintiff's complaint. Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity of an individual to sue or be sued is to be determined by the law of his domicile. See Urbano v. News Syndicate Co., 358 F.2d 145 (2d Cir.), petition for cert. filed, 35 U.S.L. Week 3029 (U.S. June 22, 1966) (No. 280). Since plaintiff is a New York resident, his capacity to sue must be governed by New York law.

■ Section 511 of the New York Penal Law, McKinney's Consol. Laws, c. 40 provides, "A person sentenced to imprisonment for life is thereafter deemed civilly dead * * *." A person civilly dead can bring no action nor perform any legal function. Avery v. Everett, 110 N.Y. 317, 318, 18 N.E. 148, 1 L.R.A. 264 (1888); Quinn v. Johnson, 78 N.Y.S. 2d 499 (Sup.Ct.1947); cf. Kugel v. Kalik, 176 Misc. 49, 25 N.Y.S.2d 327 (Sup.Ct.), aff'd, 262 App.Div. 823, 28 N.Y.S.2d 734 (1st Dep't 1941); Glena v. State, 207 Misc. 776, 138 N.Y.S.2d 857 (Ct.Cl.1955); Nastasi v. State, 186 Misc. 1051, 61 N.Y.S.2d 438 (Ct.Cl.1946). Hence, plaintiff is not in a position to maintain the

instant action.[2] See Comment, The Rights of Prisoners While Incarcerated, 15 Buffalo L.Rev. 397 (1965).

For the foregoing reasons, plaintiff's complaint is dismissed.

So ordered.

---

**2.** The Court reaches this decision with full awareness of the dissenting opinion in the *Urbano* case, supra. In footnote 3 of the dissent, Chief Judge Lumbard states that he is not sure that New York courts would consider Section 511 applicable in a libel action brought by a prisoner in the Federal Court. But the two bases for this conclusion have no application to the facts of this case. In the first place, since the plaintiff is incarcerated in New York State, the question of the applicability of Section 511 to suit by prisoners serving life sentences in other states is not involved. Additionally, Section 512-a of the New York Penal Law—which provides that "any injury to [a convict's] person * * * is punishable in the same manner as if he were not sentenced or convicted."—may well have been applicable in Urbano v. News Syndicate Co., supra, since there the prisoner was suing for a personal injury sustained after he was convicted. Here, the plaintiff is seeking to recover for an injury sustained in connection with his conviction. This is clearly not the type of personal injury the legislature could have had in mind when § 512-a was drafted.