Arthur BEYER, a/k/a Anthony Jay Scott #13087—Drawer B—Stormville, N. Y., Plaintiff,

v.

Detective Arnold WERNER and Detective Stanley Wolkowski, 7th Squad, Nassau County Police, Seaford, L. I., N. Y., Defendants.

No. 68 C 497.

United States District Court
E. D. New York.

Jan. 22, 1969.

Louis Schultz, Mineola, N. Y. (Morris H. Schneider, County Atty., Nassau County, of counsel) for defendants.

Arthur Beyer, pro se.

## MEMORANDUM and ORDER

DOOLING, District Judge.

Plaintiff, sentenced to state prison for twenty to thirty years, presented a complaint under 42 U.S.C. § 1983 against two county police officers who, he said, denied him the assistance of counsel after his arrest, beat him brutally while he was in their custody in the Seaford police station, threatened to kill him, obtained a purported identification of him by the alleged victim in a manner viola-

tive of the due process standard of Stovall v. Denno, 1967, 388 U.S. 293, 299, 87 S.Ct. 1967, 18 L.Ed.2d 1199, obtained incriminating oral statements from him by beating him, and testified falsely against him at his trial. Plaintiff asked leave to proceed *in forma pauperis,* which was granted, and asked that counsel be assigned, which was denied. Plaintiff also presented a petition for a writ of habeas corpus to this Court, and it was denied on the ground that plaintiff had not exhausted his state remedies. 68 C 592. Plaintiff has also filed in state court a petition for a writ of habeas corpus, a coram nobis application and an appeal from the judgment of conviction. None of these state proceedings has been finally adjudicated, and it seems that there has been no "evidentiary hearing" other than the trial.

The County Attorney has moved to dismiss the complaint and action on the ground that plaintiff, a New York domiciliary, has no right to sue because under New York Civil Rights Law, McKinney's Consol. Laws, c. 6, § 79, made applicable by Rule 17(b), such a sentence as plaintiff is serving "forfeits all the public offices, and suspends, during the term of the sentence, all the civil rights, and all private trusts, authority, or powers of, or held by, the person sentenced"—except in the case of those execution of whose sentences are wholly suspended, or those who have been released on parole or discharged from parole after release. By supplemental memorandum the County Attorney additionally objects that (1) the suit is barred by N.Y. CPLR § 215, subds. 1, 3, imposing a one year limitation on suits against constables and on suits for assault, battery, and false imprisonment; and (2) that the County is liable as indemnitor and therefore, a notice of claim had to be served within 90 days both on the County under General Municipal law, McKinney's Consol. Laws, c. 24, § 50–e (see Hahin v. City of Buffalo, 1964, 41 Misc.2d 1018, 1020, 246 N.Y.S.2d 917, 919; Sorge v. City of New York, 1968, 56 Misc.2d 414, 288 N.Y.S.2d 787,

and note General Municipal Law § 50–b) and also, under N.Y. County Law, McKinney's Consol. Laws, c. 11, § 52, sd. 2, on the officers sued. *Cf.* Hahin v. City of Buffalo, *supra.*

 The contention that plaintiff must have complied with the notice of claim requirements is not valid under state law even if state law applies to a claim under 42 U.S.C. § 1983. Bernardine v. City of New York, 1945, 294 N. Y. 361, 62 N.E.2d 604, 161 A.L.R. 364, explaining the special "common law" basis of municipal liability for tortious acts of its officers, presupposes, as Follendorf v. Brei, 1966, 51 Misc.2d 363, 273 N.Y.S.2d 128, indicates, that municipal liability depends on a finding that the tortious conduct of the officer occurs while he is acting within the scope of his duties. Cf. Goodyear Aluminum Products, Inc. v. State of New York, 3rd Dept. 1960, 12 A.D.2d 692, 207 N.Y.S.2d 904. Where, as in the present case, the charge is brought against the defendants personally for their individual and unauthorized misconduct (note Monroe v. Pape, 1961, 365 U.S. 167, 172, 187–191, 81 S.Ct. 473, 5 L.Ed.2d 492) and in terms that would exclude municipal liability, issues of county liability and county duty to indemnify are not tendered by the complaint and compliance with the notice of claims provision need not appear. Firester v. Lipson, 1966, 50 Misc.2d 527, 270 N.Y.S.2d 844. No doubt, if it appears at a trial on the merits that the defendants were acting within the scope of their duty, their right to claim indemnity will emerge, and then reference to the notice of claim statutes will acquire merit. But if it then appears that defendants were acting in good faith and within the scope of their police employment, no personal liability under Section 1983 will be made out and the notice of claim statutes will become unimportant. See Pierson v. Ray, 1967, 386 U.S. 547, 555–558, 87 S. Ct. 1213, 18 L.Ed.2d 288.

 The present action must be considered as commenced on May 9, 1968, when the complaint and motion for leave to proceed *in forma pauperis* were received by the Clerk of the Court. Exactly when the cause of action accrued is not clear, nor is the state rule that would normally apply to such a case, if stated under state tort law concepts, as between N.Y. CPLR § 215, and General Municipal Law § 50–i, sd. 2. *Cf.* Sorge v. City of New York, *supra.* But the present case, based on federal statute, is not within N.Y. CPLR § 215 literally or in substance; it is governed by N.Y. CPLR § 214 sd. 2, formerly N.Y.C.P.A. § 48, sd. 2, a three year limitation. See Swan v. Board of Higher Education, 2d Cir.1963, 319 F.2d 56.

 The County argues that the complaint does not state a good claim under 42 U.S.C. § 1983; the complaint does assert matter which, if true, would be within Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492. That, of course, does not mean that plaintiff's claim has merit; that can be determined only by evidence of what occurred, and the presumption at present, from the outcome of the jury trial (and the appeal from it is still undecided), is that the claim is wholly without merit.

The County, finally, argues that plaintiff's right to maintain the action is a "civil right" and that N.Y. Civil Rights Law § 79 "suspends" all plaintiff's civil rights during his incarceration under his present "sentence of imprisonment in a state prison." It was held in Lombardi v. Peace, S.D.N.Y.1967, 259 F. Supp. 222, 226–227 that the "civilly dead" language of former N.Y. Penal Law, McKinney's Consol. Laws, c. 40, § 511 (now Civil Rights Law § 79–a), applying to these serving life terms, precluded maintenance of a Section 1983 suit. Urbano v. News Syndicate Co., 2d Cir.1966, 358 F.2d 145 is not directly helpful, since it did not deal with a Section 1983 claim, but it may intimate a distaste for such pronouncements as the "civil death" section, § 79–a. And, although the language of the majority in Wright v. McMann, 2d Cir.1967, 387 F.

2d 519 is circumspect (see pp. 523, 525), and the case did not involve a charge of pre-incarceration invasion of constitutional rights, it leaves little doubt that the Court does not consider that Section 79 can operate to "suspend" the "civil right" to pursue the federal remedy granted for invasions of federal right under color of state law, notwithstanding the existence of Section 79–c (as limited by Correction Law, McKinney's Consol. Laws, c. 43, § 6–b); and the concurring opinion is even clearer in its implication that the suspension of all civil rights essayed by Section 79 is ineffective in Section 1983 cases. *Cf.* Jones v. Bombeck, 3rd Cir.1967, 375 F.2d 737, 738 in light of Conard v. Stitzel, E.D.Pa.1963, 225 F.Supp. 244. Note Seybold v. Milwaukee County Sheriff, E.D.Wis.1967, 276 F.Supp. 484, 487. Contrast Gordon v. Garrson, E.D.Ill. 1948, 77 F.Supp. 477 (assuming without discussion that time to commence civil rights suit for abuse during incarceration would be extended by general provision tolling limitations during incarceration, yet also holding that civil rights cause of action accrues to one deprived of "citizenship" by reason of incarceration—since Section 1983 creates rights in non-citizens as well as in citizens).

McCollum v. Mayfield, N.D.Cal. 1955, 130 F.Supp. 112, 115–117, directly held that a Section 1983 suit could be brought by a prisoner despite a statute that was an exact counterpart of Section 79. *Cf.* Seybold v. Milwaukee County Sheriff, *supra*, 276 F.Supp. at 485, 487. McCollum v. Mayfield, supra, was explicitly approved in Weller v. Dickson, 9th Cir.1963, 314 F.2d 598, 601, for its holding that a statute which "suspends all civil rights" during incarceration does not, under Rule 17(b), deprive a prisoner of his capacity to sue under Section 1983 even though the state law tolls the statute of limitations during incarceration. *Cf.* Roberts v. United States District Court, 1950, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326. It must be concluded that Section 79, which has but limit-

ed real effect (see, *e.g.*, Kugel v. Kalik, 1941, 176 Misc. 49, 25 N.Y.S.2d 327, aff'd, 1st Dept. 1941, 262 App.Div. 823, 28 N.Y.S.2d 734; Foster v. State, 1954, 205 Misc. 736, 129 N.Y.S.2d 418), cannot suspend the right to present a Section 1983 action in a federal court.

It follows that the motion of the County to dismiss the action must be denied.

Plaintiff has insisted throughout that he requires the assistance of counsel. However, it appears that he has the assistance of counsel in the proceedings, still not final, which he is pursuing in the state courts. When those proceedings have reached final decision will be soon enough to consider again whether or not counsel should be assigned in the present case. At this time, in the light of the jury verdict, there is nothing to indicate that any credence can be given to plaintiff's assertions, and there is, in consequence, no basis for assigning counsel.