Cooke, J.
(dissenting). Plaintiff Morris James was employed for two school years at the Tappan Zee High School as a nontenured, probationary social studies teacher. On March 23, 1972, he was informed by defendant Evergetis, the school principal, that the latter had recommended his reappointment as a teacher for 1972-1973 and that the recommendation had been sent to the superintendent of schools for action by the board of education. A performance rating guide of April 15, 1972 evaluated his pedagogic endeavors as outstanding in one category, highly satisfactory in nine others and satisfactory in the remaining one. However, it is alleged that on June 23, 1972 Evergetis called upon said plaintiff to resign or be fired, that thereafter said plaintiff received a letter from defendant Perrotta, superintendent of schools, that there would be on the agenda of the board of education meeting to be held June 29, 1972 a resolution to terminate said teacher’s employment immediately, and that at said meeting a resolution bringing the employment to an end was adopted.
Plaintiff Morris James, joined by his wife who asserted a derivative cause, served an amended complaint alleging the commission of a prima facie tort by defendants, the school board, the superintendent of schools and said principal. The gravamen of said pleading was that the sole reason for defendants’ failure to renew the teacher’s contract was the displeasure of defendant Evergetis with a photograph of said principal* which appeared in the high school yearbook, Morris James being the faculty advisor thereof, and that defendants acted solely to harm this plaintiff and without justification. Special Term, in granting the motion for dismissal, observed that, broadly read and liberally construed as required on such a motion, the allegations may technically be sufficient to spell out the basic elements of a prima facie tort, but held that the Legislature has vested school officials with virtually unfettered discretion to refuse to renew the contract of a nonten *894 ured teacher. The Appellate Division majority affirmed, without opinion.
A prima facie tort has been defined as the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful (Ruza v Ruza, 286 App Div 767, 769; see, also, Advance Music Corp. v American Tobacco Co., 296 NY 79, 83-84). The elements of such a cause, including malice or specific intent to harm and special damages, have been alleged. The mere fact that the board of education would normally have the right to terminate a teacher’s employment during the probationary period does not, in this instance, bar the causes of action but, rather, is a distinguishing feature of them, in that defendants are charged with acts which would otherwise be lawful. Even though defendants ordinarily had a right to refuse to continue employment, the existence of justification or privilege is negated, at this pleading juncture, by the allegations that defendants acted solely to harm plaintiff Morris James (cf. Opera on Tour v Weber, 285 NY 348, 355, mot for rearg den 286 NY 565, mot for rearg den 287 NY 649, cert den 314 US 615, rehearing den 314 US 716; Firester v Lipson, 50 Misc 2d 527, 532; see Prima Facie Tort, Ann., 16 ALR3d 1191, 1220-1227, § 6).
The contention of bootstrapping is based on a misconception of the nature of a prima facie tort. Carried to an extreme, such reasoning would nullify every claim of such a tort, a constituent element of which is an act or series of acts which would otherwise be lawful. We should not presume that almost every termination of a teacher’s employment will be accompanied by the assertion that it was accomplished solely to harm, and, in any event, there could be no recovery unless that and every other element of a prima facie tort be proven by a fair preponderance of the credible evidence to the satisfaction of the trier of the facts.
I dissent and vote to reverse the order of the Appellate Division and to deny the motion for dismissal of appellants’ complaint.

 The photograph displayed Evergetis bending forward, apparently to pick up an object, and showed his head, partly bald.